COMMONWEALTH *vs.* DANIEL VALDEZ.

Essex. February 1, 1988. — April 4, 1988.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & O'CONNOR, JJ.

*Search and Seizure,* Affidavit, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure.

Although the first judge to consider suppression of evidence seized pursuant to a certain search warrant had concluded that a criminal defendant, who sought a constitutionally-mandated hearing pursuant to *Franks* v. *Delaware,* 438 U.S. 154 (1978), had not made a sufficient preliminary showing that the affidavit submitted in support of the issuance of the warrant contained intentionally false statements or statements made with reckless disregard for the truth, and this judge was not asked to reconsider his ruling, a second judge, nevertheless, had discretion to hold such a hearing and thereafter could allow the defendant's suppression motion based on alleged errors in the affidavit. [69]

A judge erred in allowing a criminal defendant's motion to suppress evidence on the basis of misstatements in the affidavit submitted in support of the issuance of a search warrant where all but one of the errors were, at the most, negligent misrepresentations providing no constitutional basis for suppression and where, if the remaining error were excised from the affidavit under the principles of *Franks* v. *Delaware,* 438 U.S. 154 (1978), as a reckless misrepresentation of a material fact, the affidavit would still be sufficient to warrant a magistrate's finding of probable cause. [69-72]

INDICTMENTS found and returned in the Superior Court Department on August 27, 1986.

A pretrial motion to suppress evidence was heard by *Peter F. Brady,* J. An application for interlocutory appeal filed in the Supreme Judicial Court for the county of Suffolk was allowed by *Lynch,* J., and the appeal was reported by him.

*Robert J. Bender,* Assistant District Attorney (*Brian T. O'Keefe,* Assistant District Attorney, with him) for the Commonwealth.

*John F. Tierney* for the defendant.

HENNESSEY, C.J. The Commonwealth, pursuant to Mass. R. Crim. P. 15 (b), as amended, 397 Mass. 1225 (1986), sought leave before a single justice of this court to appeal a Superior Court judge's allowance of a motion to suppress evidence. The single justice granted the request and referred the matter to the full court. We agree with the Commonwealth that the Superior Court judge erred in suppressing the evidence.

The defendant was arrested in a second floor apartment at 68 Rockaway Street in Lynn on July 31, 1986, and charged with, inter alia, cocaine trafficking. The police had obtained a search warrant for the premises earlier that day. The request and supporting affidavit were filed by a State police officer who had been investigating Controlled Substance Act violations full time for four years.

The affidavit states as follows: (1) The officer met with a confidential and reliable informant on July 27, 1986. (2) The informant previously had provided information which led to the arrest of an individual wanted on an outstanding warrant for possession of cocaine. (3) At the meeting the informant related that on July 28, 1986, he had been in the apartment where the defendant was subsequently arrested and observed an "unknown Spanish male" in possession of a large bag of what the informant believed was cocaine. (4) The informant stated that the Spanish male was the apartment's occupant. (5) The officer and informant met again on August 30, 1986, and the informant related that he had returned to the apartment within the previous forty-eight hours and had observed the Spanish male in possession of "numerous small plastic bags containing cocaine." (6) The bags were, according to the informant, being offered for sale. (7) The affiant and other officers had conducted surveillance at the apartment building at 68 Rockaway Street over the "last few days and more recently the last several hours . . . ." (8) During the surveillance the officers observed "several known drug users" entering and leaving the building in three to five minute intervals, a "type of activity," according to the affiant's experience, which is "consistent with the purchase of drugs." One of the "known drug users" was identified in the affidavit.

Following his arrest, the defendant filed a motion for a hearing pursuant to *Franks* v. *Delaware*, 438 U.S. 154 (1978). Under *Franks*, where a defendant makes a preliminary substantial showing that an affidavit contains intentionally false statements, or statements made with reckless disregard for the truth, which were necessary to the determination of probable cause, he is entitled to a full hearing on the issue. If intentionally false statements, or statements made with reckless disregard of the truth, are found to exist in the affidavit, and such statements were material to the finding of probable cause, they are excised. If the affidavit as redacted fails to establish probable cause, then any evidence seized pursuant to a warrant issued on the basis of the affidavit is suppressed. *Franks*, *supra* at 155-156.

The defendant also filed a motion to suppress the evidence obtained during execution of the warrant. As grounds for suppression, the defendant argued that the warrant had been issued without probable cause, that the affidavit was facially insufficient, that as a matter of public policy the warrant should not have issued where the supporting affidavit contained statements which, at minimum, were made with reckless disregard for their truth, and that the warrant had been improperly executed.[1]

In his memorandum in support of the motion for a *Franks* hearing, the defendant pointed out a number of misstatements in the affidavit. First, the affidavit indicates that the affiant had a conversation with the informant on July 27, 1986, about events which occurred on July 28, 1986. Second, although the warrant was issued on July 31, 1986, the affidavit refers to a conversation between the affiant and informant on August 30, 1986. Third, the individual identified as one of the known drug users observed during surveillance was, according to the defendant, out of the country during the surveillance period.

---

[1] The judge made no findings or rulings as to the legality of the warrant's execution in ordering suppression. The defendant presented evidence which he argues shows that the police made an unjustified "no-knock" entry of his apartment when executing the warrant. As will be seen, *infra*, we have indicated that the lawfulness of the warrant's execution will be determined on remand.

This assertion was supported by affidavit and accompanying proof.

At a preliminary hearing on the *Franks* issue, the Commonwealth indicated that the affidavit's date discrepancies were the result of typographical errors. Further, in its memorandum in opposition to holding a *Franks* hearing, the Commonwealth argued that, even if the affidavit contained a misstatement concerning the identity of one of the known drug users, that statement was immaterial to the finding of probable cause. The judge agreed with the Commonwealth's arguments and denied the defendant's motion for a *Franks* hearing. He concluded that "at best [the] defendant has demonstrated only negligent (typographical) errors contained in the subject affidavit, which are insufficient to mandate a *Franks* hearing, as well as a possibly intentional or reckless error (or misrepresentation) which was not necessary to a finding of probable cause for issuance of the search warrant."

Three weeks after the defendant's request for a *Franks* hearing had been denied, a hearing on his motion to suppress was held. A different judge presided at this hearing. The defendant's motion to suppress was granted.

In his order the judge did not address the defendant's arguments that the affidavit did not establish probable cause to issue the warrant, that the affidavit was facially insufficient, or that the warrant had been improperly executed. Instead he concentrated on the errors contained in the affidavit. He had heard testimony from the affiant that the erroneous dates contained in the affidavit were typographical errors[2] and that an honest mistake in identifying one of the observed known drug users had been made.[3] After finding, on sufficient evidence,

---

[2] The affiant testified that the meeting which the affidavit indicates occurred on July 27 actually took place on July 29. Similarly, the second meeting occurred on July 30 not August 30. The affiant stated that he failed to read the affidavit "that carefully" after it had been typed by a secretary working from the affiant's notes.

[3] The affiant testified that, while at the time the affidavit was prepared, he had "no uncertainty" as to the identification, it appeared that the person who had been observed during the surveillance was the brother of the man named in the affidavit.

that the person identified had been out of the country during the surveillance period, the judge concluded that "[t]he amount of errors in the affidavit cannot legally or morally allow for the issuance of the warrant in this matter. Taken alone, each error can be subject to some explanation. But, the series of errors lead me to the inescapable conclusion of either a total lack of care by the police or total negligence."

The Commonwealth first contends that it was error for the second judge to suppress the evidence on the basis of errors in the affidavit, after the first judge had denied the defendant's motion for a *Franks* hearing, and the defendant had not asked the first judge to reconsider his ruling. We disagree. Because the defendant failed to make the required preliminary showing, a "*Franks*-type hearing was not constitutionally mandated. The judge could, nevertheless, determine in his discretion to hold a *Franks*-type hearing . . . ." *Commonwealth* v. *Douzanis*, 384 Mass. 434, 443 (1981).

While the judge was free to conduct a *Franks* hearing, it is not clear that he suppressed the evidence on the basis of *Franks*. His order does not rely on that opinion nor does it cite any of our decisions construing it. Rather, the order simply states, without citation, that, given the number of errors in the affidavit, there was no basis to "legally or morally allow for the issuance of the warrant . . . ." Thus, the basis of the judge's order may have been, in essence, that the "[c]areless and unnecessary defects in form and construction of the affidavit . . . constitute[d] a violation of G. L. c. 276, art. 14 of the Declaration of Rights of the Constitution of the Commonwealth, or the Fourth Amendment of the United States Constitution, so as to render [the] search invalid." *Commonwealth* v. *Truax*, 397 Mass. 174, 182 (1986).

We conclude that the judge erred in suppressing the evidence, whether he did so on the basis of *Franks* or on the presence of "[c]areless and unnecessary defects" in the affidavit. The judge's suppression order properly can be based on *Franks* "only if he found that the warrant affidavit contained a deliberate or reckless misrepresentation of a material fact and only if the sanitized affidavit did not support a finding of probable

cause." *Commonwealth* v. *Honneus,* 390 Mass. 136, 143 (1983). The judge made no explicit finding that the errors in the affidavit constituted deliberate or reckless misrepresentations of material fact. Indeed, he indicated, as the first judge found, that the incorrect dates appearing in the affidavit were typographical errors. As such they were at most negligent misrepresentations and cannot form the basis of suppression under *Franks* or art. 14. See *Commonwealth* v. *Nine Hundred & Ninety-two Dollars,* 383 Mass. 764, 771-772 (1981).

Even if we assume that the remaining error in the affidavit, the misidentification of one of the "known drug users" observed during police surveillance, was a reckless misrepresentation material to the finding of probable cause, suppression under *Franks* would be inappropriate. This is because, as will be discussed fully below, the affidavit, with the misidentification excised, supports a finding of probable cause to believe that evidence of crime would be found at the premises searched. In this circumstance suppression under *Franks* is improper. *Franks, supra* at 155-156.

The affidavit is based in part on information from an unidentified informant. Thus the affidavit must make clear the basis of the informant's knowledge and the grounds on which the affiant concluded the informant was credible or his information was reliable if that information is to be used in determining whether the affidavit established probable cause to believe that contraband would be found at the defendant's apartment. See *Commonwealth* v. *Upton,* 394 Mass. 363, 374-375 (1985) (explaining principles of *Aguilar* v. *Texas,* 378 U.S. 108 [1964], and *Spinelli* v. *United States,* 393 U.S. 410 [1969]). The affidavit indicates that the basis of the informant's knowledge was his personal observations made on two separate visits to the defendant's apartment. The first prong of the *Aguilar-Spinelli* standard was satisfied.

The second prong of the *Aguilar-Spinelli* standard, the veracity test, also was satisfied. The informant's credibility is initially indicated by the affidavit's recitation of his then recent providing of information to the police which led to a "cocaine arrest" on an outstanding 1985 warrant. It is fairly inferable

from this statement in the affidavit that the informant provided information as to the arrestee's whereabouts, rather than information helpful to an investigation of crime. We think that this level of past assistance standing alone satisfies the veracity prong of the *Aguilar-Spinelli* standard. Further, the independent police surveillance detailed in the affidavit bolsters the informant's credibility. See *Upton, supra* at 376. Even with the misidentification excised, the affidavit states that the police observed activity (known drug users entering and remaining for three to five minute periods) consistent with the informant's statements that drugs were being offered for sale at the apartment building.[4] The police surveillance, in sum, lent credence to the informant and his statements, thereby remedying any arguable deficiency regarding the second prong of the *Aguilar-Spinelli* standard. *Upton, supra* at 376.

Having determined that the *Aguilar-Spinelli* standard is met, and, therefore, that the informant's statements can be considered, we review the entire affidavit and conclude that it established probable cause to believe that contraband would be found at the defendant's apartment. Despite the affidavit's typographical errors the informant's statements indicate that he had very recently — "within the past 48 hours" — observed drugs in the defendant's apartment. Contrast *Commonwealth v. Reddington*, 395 Mass. 315, 322-323 (1985) (January tip insufficient to establish probable cause in August). By placing the drugs in the defendant's apartment, the informant's statements add precision to the police surveillance which concentrated on the main entrance of the apartment building. The affidavit, read as a whole, with the misidentification excised, and in a commonsense manner, see *Commonwealth v. Saleh*, 396 Mass. 406, 412 (1985), provided the magistrate a "substantial basis," *Truax, supra* at 178, for concluding that the drugs would be found in the defendant's apartment. Therefore, suppression pursuant to *Franks* would be improper.

---

[4] The surveillance bolsters the informant's credibility even though the police observed only the building's main entrance and not the defendant's second floor apartment. See *Commonwealth v. Hall*, 366 Mass. 790, 798 (1975).

We also disagree with the apparent conclusion of the second judge below that there must be suppression, aside from the *Franks* principle, because of multiple errors in the affidavit. Despite the errors in the affidavit, the warrant was issued in compliance with all relevant statutory and constitutional provisions. *Truax, supra* at 179-180. See *Commonwealth* v. *Sheppard*, 394 Mass. 381, 389-390 (1985); G. L. c. 276, § 2B (1986 ed.).

The judge below did not reach or consider the issue whether there was a sufficient showing of probable cause. However, in deciding that suppression was not proper under either *Franks* or *Truax*, we also have shown, *supra*, that there was an adequate showing of probable cause for the search and seizure. Thus, what we have said disposes of all the defendant's proffered grounds for suppression save one. See note 1, *supra*. The suppression order is vacated and this case is remanded to the Superior Court for a determination of the lawfulness of the warrant's execution.

*So ordered.*