## Commonwealth vs. Marcos A. Rojas.

Essex.  October 5, 1988. — December 8, 1988.

Present: Hennessey, C.J., Wilkins, Liacos, Lynch, & O'Connor, JJ.

*Probable Cause.  Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause.

Probable cause for the issuance of a warrant to search the apartment of a criminal defendant was not established by an affidavit based on statements by an unnamed informant and a "concerned citizen," who wished to remain anonymous, that the defendant was in possession of a handgun and was distributing cocaine from his apartment, where, in reference to the informant's veracity, the affidavit contained merely an assertion that in the past he had provided information which led to an arrest; where, in the absence of a description of particularized distinguishing characteristics of the defendant's apartment, possessions, or activities, the information contained in the affidavit was not sufficiently detailed to be self-verifying; where the affidavit contained virtually no information regarding the anonymous citizen's veracity; and where the information provided by the informant and by the "citizen" was not sufficiently detailed to provide mutual corroboration. [485-488]

Indictments found and returned in the Superior Court Department on April 30, 1986.

A pretrial motion to suppress evidence was heard by *Walter E. Steele, J.*

The Commonwealth's application for an interlocutory appeal was allowed by *Nolan, J.,* in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court on its own initiative transferred the matter from the Appeals Court.

*David A. Grossbaum,* Assistant District Attorney (*Judith Fabricant,* Special Assistant District Attorney, with him) for the Commonwealth.

*Michael P. Hickey* for the defendant.

LIACOS, J. The Commonwealth, pursuant to Mass. R. Crim. P. 15 (b), as amended, 397 Mass. 1225 (1986), appeals from an order of a judge in the Superior Court granting the defendant's motion to suppress evidence.[1] The Commonwealth maintains that the affidavit in support of the warrant to search the defendant's apartment established probable cause under the "*Aguilar-Spinelli* test." See *Commonwealth* v. *Upton,* 394 Mass. 363 (1985). We disagree. We affirm the order suppressing the evidence seized under the warrant.

We summarize the affidavit in support of the search warrant. On March 12, 1986, State police Officer Gregory C. Dern, the affiant, had a conversation "with a confidential and reliable informant [informant] who ha[d] previously provided information which led to the March, 1986 arrest of McEverett Peters of Lynn, Ma. on a warrant for distributing Class 'A' Heroin."

The informant reported that the defendant, Marcos A. Rojas, deals large quantities of cocaine from his first-floor apartment at 27 North Federal Street, Lynn, and distributes it to various clients using a "pager" or "beeper." The informant noted that Rojas constantly monitors a police scanner out of fear of police detection. The informant related that he had seen Rojas in possession of a .357 Magnum pistol, and that Rojas makes cocaine deliveries in a white Toyota automobile with Massachusetts license plate number 553-KCZ.

On March 17, 1986, the informant told the affiant that, while within Rojas's apartment within the previous twenty-four hours, he had seen Rojas with several plastic bags of cocaine, had observed him using his pager, and had watched him leave the apartment to deliver the cocaine. At this time, according to the informant, Rojas was in possession of a .357 Magnum pistol.

On March 13, 1986, the affiant spoke with a "concerned citizen" (citizen), who wished to remain anonymous out of a

---

[1] A single justice of this court granted the Commonwealth's application and referred the appeal to the Appeals Court. This court took the case on its own motion for direct review.

fear for safety.[2] The citizen stated that Rojas was distributing cocaine from his first-floor apartment using a page-call system, and that Rojas was in constant possession of a handgun.[3] The citizen stated that she, or he, personally observed plastic bags containing cocaine in the apartment.

On the basis of this affidavit, a clerk of the Lynn District Court issued a warrant on March 18, 1986, to search 27 North Federal Street, Lynn. Officer Dern executed the search on the same day and seized, among other things: "[o]ne plastic bag with white (brick) substance," "[o]ne tinfoil wrap with white powder," "[o]ne Ohaus Triple Beam Scale with powder residue," "[o]ne .357 Magnum pistol," and "[o]ne Omni Page Beeper."

Subsequently, the defendant was indicted by a grand jury for trafficking in cocaine and for the unlawful possession of a firearm. Prior to trial, the motion judge ordered the suppression of the evidence on the ground that the affidavit failed to establish probable cause.

Under art. 14 of the Massachusetts Declaration of Rights, a magistrate, before issuing a search warrant, must determine that probable cause exists. *Commonwealth* v. *Upton, supra.* "In *Upton,* we held that, under art. 14 . . . the test for determining probable cause in cases involving unnamed informants incorporates the principles developed under *Spinelli* v. *United States,* 393 U.S. 410 (1969), and *Aguilar* v. *Texas,* 378 U.S. 108 (1964)" (footnote omitted). *Commonwealth* v. *Saleh,* 396 Mass. 406, 409 (1985). "Under the *Aguilar-Spinelli* standard, if an affidavit is based on information from an unknown informant, the magistrate must 'be informed of (1) some of the underlying circumstances from which the informant concluded that

---

[2] Since the identity of this "concerned citizen" was not revealed, he (or she) takes the status of an anonymous informant and, thus, does not obtain the enhanced status of credibility given an identified citizen or victim. See *Commonwealth* v. *Atchue,* 393 Mass. 343, 347-348 (1984). For purposes of clarity, however, we shall refer to this informant as "citizen."

[3] We note that possession of a handgun is not per se illegal. See *Commonwealth* v. *Nowells,* 390 Mass. 621, 627 (1983). There was no information given the magistrate as to whether the defendant was licensed to carry a handgun.

the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was "credible" or his information "reliable" (the veracity test). *Aguilar* v. *Texas, supra* at 114. If the informant's tip does not satisfy each aspect of the *Aguilar* test, other allegations in the affidavit that corroborate the information could support a finding of probable cause. *Spinelli* v. *United States, supra* at 415.'" *Commonwealth* v. *Upton, supra* at 374-375.

We agree with the motion judge that the information in the affidavit regarding the past performance of the informant was not sufficient to satisfy the "veracity prong" of the *Aguilar-Spinelli* test.[4] The only reference to this informant's veracity was the statement that he previously had provided information which led to the March, 1986, arrest of Peters. A naked assertion that in the past the informant had provided information which led to a prior arrest is insufficient by itself to establish an informant's veracity. The magistrate must be furnished with more detail regarding the circumstances of the prior arrest in order to make a meaningful determination of the informant's veracity. The affidavit does not make clear what role the informant played in obtaining the arrest. Nor does it indicate whether any information previously provided to the police by him had been proven correct. See *Commonwealth* v. *Malone,* 24 Mass. App. Ct. 70, 72 (1987) (outlining aspects of reliability required and analyzing cases on point). See also 1 W. LaFave, *Search and Seizure* § 3.3(b) (2d ed. 1987); Moylan, Hearsay and Probable Cause: An *Aguilar* and *Spinelli* Primer, 25 Mercer L. Rev. 741, 758-761 (1974).

The Commonwealth mistakenly argues that *Commonwealth* v. *Valdez,* 402 Mass. 65 (1988), compels this court to find that the informant was reliable in this case. In *Valdez,* the affidavit at issue recited that the informant recently had provided "information to the police which led to a 'cocaine arrest' on an

---

[4] The informants' assertions that they personally observed the objects and activity in the apartment appear to be sufficient to satisfy the "basis of knowledge" prong of the *Aguilar-Spinelli* test. See *Commonwealth* v. *Valdez,* 402 Mass. 65, 70 (1988).

outstanding 1985 warrant." *Id.* at 70. The affidavit in that case satisfied the veracity prong because the informant had been proven correct in his revelation of a particular fact, namely, the whereabouts of the arrestee. The court in *Valdez* did not hold that the fact that an informant gave information leading to a prior arrest was sufficient to establish the veracity of the informant. A careful reading of *Valdez* reveals that the information provided by the informant was the basis of probable cause for the issuance of the outstanding arrest warrant. This explains the court's comment that "[i]t is fairly inferable . . . that the informant provided information as to the arrestee's whereabouts, rather than information helpful to an investigation of crime." *Id.* at 70-71. Additionally, the court relied, in part, on "police surveillance [which] lent credence to the informant and his statements." *Id.* at 71.[5]

We disagree with the Commonwealth's assertion that the information contained in the affidavit was sufficiently detailed to be self-verifying. Cf. *Commonwealth* v. *Atchue,* 393 Mass. 343, 348 (1984). For an informant's tip to be considered reliable, despite failing to satisfy the requirements of the veracity prong, it must contain a high degree of specificity. In this case, the informant did not provide particularized distinguishing characteristics of the defendant's apartment, possessions, or activities. We note that, in recent cases endorsing the notion of the self-verifying tip, other indicia of reliability were present to support a finding of veracity. See *Commonwealth* v. *Germain,* 396 Mass. 413, 418 (1985) (police investigation corroborated informant's tip);[6] *Commonwealth* v. *Atchue, supra* (fact informant was identified carried indicia of reliability).

---

[5] The other cases relating to previous arrests cited by the Commonwealth are also distinguishable from the case at bar in that independent police investigation supported the informants' tips. See *Commonwealth* v. *Saleh, supra* at 411; *Commonwealth* v. *Pellier,* 362 Mass. 621, 625 (1972); *Commonwealth* v. *Kiley,* 11 Mass. App. Ct. 939, 939-940 (1981); *Commonwealth* v. *Flaherty,* 6 Mass. App. Ct. 876, 877 (1978).

[6] It is instructive to compare the assertions in the present affidavit with those in the affidavit in *Commonwealth* v. *Germain,* 396 Mass. 413 (1985). In that case, the affidavit reported that the defendant's gun, observed by the victim during an armed robbery, was identically described by the inform-

The information given by the citizen also fails to satisfy the veracity prong of the *Aguilar-Spinelli* test. The affidavit contains virtually no information regarding the citizen's veracity. While "concerned citizens" who report information to the police out of civic duty ordinarily are not subject to the same degree of skepticism as informants, *Commonwealth* v. *Burt,* 393 Mass. 703, 710 (1985), the magistrate should be given at least the name of the citizen before granting credence to the information. *Id. Commonwealth* v. *Atchue, supra* at 347-348.

The Commonwealth argues that the tips given by the informant and the citizen provided mutual corroboration. We disagree. While tips which alone may not satisfy the veracity test nevertheless may establish reliability through cumulative reinforcement, *Commonwealth* v. *Nowells,* 390 Mass. 621, 624 (1983), they will be held to a high standard before being considered reliable. In order for independent, unnamed informants' statements to corroborate each other, they must correspond in "significant, detailed respects." *Id.* at 627. The information provided by the informant and by the citizen was not sufficiently detailed to satisfy this requirement.

The order allowing the motion to suppress is affirmed.

*So ordered.*

---

ant as gray with numerous rust spots on the barrel. Other detailed statements of the informant were corroborated by police investigation. *Id.* at 418.