COMMONWEALTH vs. FELIX JAIME MEJIA.

No. 89-P-1328.

Essex. June 13, 1990. - January 3, 1991.

Present: WARNER, C.J., SMITH, & JACOBS, JJ.

Further appellate review granted, 409 Mass. 1105 (1991).

*Probable Cause. Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause.

Pretrial motions of a criminal defendant to suppress evidence seized pursuant to a search warrant were incorrectly denied where the affidavit in support of the application for the warrant, which asserted that an unnamed informant, on whose information the affidavit was based, had provided information leading to three prior arrests, but which was devoid of any additional detail which reasonably might support an inference of reliability, was insufficient to establish the informant's veracity. [667-670]

INDICTMENT found and returned in the Superior Court Department on June 29, 1988.

Pretrial motions to suppress evidence were heard by *John J. Irwin, Jr.*, J., and *John L. Murphy, Jr.*, J. The case was tried before *Murphy*, J.

*Patrick S. Guarnieri* for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the Commonwealth.

JACOBS, J. In this appeal from a conviction by a jury of trafficking in cocaine, the defendant attacks the denial of his two pretrial motions to suppress[1] evidence seized on execu-

_____

[1]After the denial of his first motion to suppress, the defendant, relying on *Commonwealth* v. *Rojas*, 403 Mass. 483 (1988), sought and obtained a hearing on a "supplemental motion to suppress." That second motion was also denied.

tion of a search warrant.[2] He claims that the affidavit presented with the warrant application was insufficient to support the implicit magisterial finding of probable cause to believe that cocaine and drug distribution paraphernalia would be found at the search site.[3]

The affidavit, in addition to describing the relevant qualifications of the affiant, State Police Officer John J. Walsh, contains the following paragraphs:

> "During the week of May 29, 1988, Sgt. Paul Regan and this officer met and had conversation with a confidential and reliable informer, hereinafter referred to for the purpose of this affidavit as CRI. CRI has provided reliable information to this officer and members of the Lawrence Drug Task Force in the past, which led to the arrests of Edwin S. Rivera, in Lawrence, MA, on 5-7-88 for Possession of Heroin with Intent to Distribute, the arrest of Heribito Rivera, in Lawrence, MA, on 5-11-88 for Possession of Cocaine with Intent to Distribute, and the arrest in Lawrence, MA, on 5-24-88 of Luis Gonzalez Pabon, for Possession of Cocaine with Intent to Distribute.
>
> "CRI related the following information: That a Hispanic male known to CRI as Felix of 14 Mechanic Street, Lawrence, MA, first floor apartment, is dealing substantial amounts of cocaine to people in Lawrence. CRI has been in the 14 Mechanic Street, first floor apartment, on at least five occasions during the past week, and has observed Felix sell cocaine to numerous people.
>
> "During the past 24 hours Sgt. Regan and this officer met with CRI. CRI stated to these officers that within

---

[2]Among the materials listed in the return of the search warrant were eighty-one plastic baggies containing white powder. Evidence was introduced at the trial to the effect that the powder weighed forty-six grams and that sixty-seven percent of it was cocaine.

[3]The defendant also argues that there was an unlawful delay in the execution of the search warrant. Our decision obviates the necessity of our addressing that issue.

the past 48 hours CRI was in the first floor apartment of 14 Mechanic Street, and CRI observed Felix to be in Possession of two ounces of cocaine, in plastic baggies of various size and weight. CRI stated that Felix stated to CRI that he (Felix) was expecting to get more cocaine and CRI could get as much as CRI wanted, as long as CRI paid Felix cash on delivery."

"Under art. 14 of the Massachusetts Declaration of Rights, a magistrate, before issuing a search warrant, must determine that probable cause exists." *Commonwealth* v. *Rojas*, 403 Mass. 483, 485 (1988). The Massachusetts test for determining probable cause in cases involving unnamed informers follows the established principles of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969). See *Commonwealth* v. *Upton*, 394 Mass. 363 (1985). The defendant asserts that the veracity requirement of that test is not met by Officer Walsh's affidavit.[4] He argues that it does not describe sufficiently the requisite underlying circumstances from which the affiant concluded that the informant's information was reliable. See *Commonwealth* v. *Upton, supra* at 374-375, citing *Aguilar* v. *Texas, supra.*

Review of search warrant applications which rely on information provided by unnamed informants involves, for Massachusetts magistrates and trial judges, the difficult task of applying the precisely articulated tests of the *Aguilar-Spinelli* standard, in a "commonsense and realistic fashion" and without "hypertechnical" analysis. *United States* v. *Ventresca*, 380 U.S. 102, 109 (1965). *Commonwealth* v. *Stewart*, 358 Mass. 747, 750 (1971). Our analysis, assisted by recent appellate decisions, leads us to conclude that the defendant's motions to suppress should have been allowed.

---

[4]No question is raised regarding the "basis of knowledge prong" of the *Aguilar-Spinelli* standard. The requirements of the "veracity prong" and the "basis of knowledge prong" must each be met in order for probable cause to be established. *Commonwealth* v. *Upton*, 394 Mass. at 375-376. For a discussion of the various prongs and spurs of that standard, see Smith, Criminal Practice and Procedure §§ 123-130 (2d ed. 1983).

*Commonwealth* v. *Rojas*, 403 Mass. 483 (1988), decided after the defendant's first motion to suppress had been denied, held that "[a] naked assertion that in the past the informant had provided information which led to a prior arrest is insufficient by itself to establish an informant's veracity." *Id.* at 486. While the veracity test does not require a representation by an affiant that the informant's past tip led to a conviction, see 1 LaFave, Search and Seizure § 3.3(b) (2d ed. 1987), some meaningful information beyond the mere fact of an arrest is necessary. *Commonwealth* v. *Rojas*, *supra* at 486. See *Commonwealth* v. *Malone*, 24 Mass. App. Ct. 70, 72 (1987). The question before us is whether detailed information of *three* arrests attributable to an informant's prior tips takes the present case beyond the reach of *Rojas*.

Among the types of additional affidavit recitations which have been held to be meaningful to the reliability assessment are: (1) self-verifying detail, see *Commonwealth* v. *Atchue*, 393 Mass. 343, 348 (1984); *Commonwealth* v. *Parapar*, 404 Mass. 319, 323 (1989); (2) corroboration by police, *Commonwealth* v. *Pellier*, 362 Mass. 621, 625 (1972); *Commonwealth* v. *Flaherty*, 6 Mass. App. Ct. 876, 877 (1978); (3) recent conviction of a crime similar to the one which is the subject of the tip, *Commonwealth* v. *Germain*, 396 Mass. 413, 418 n.7 (1985); *Commonwealth* v. *Labelle*, 15 Mass. App. Ct. 175, 180 (1983); (4) a corroborative postarrest procedure such as a prosecution or indictment, *Commonwealth* v. *Saleh*, 396 Mass. 406, 410 (1985); 1 LaFave, § 3.3(b), *supra* at 634; and (5) an informant's declaration against penal interest, *Commonwealth* v. *Parapar*, *supra* at 322.

The affidavit in the case before us attributes to the informant reliable information that led to the arrests of three named individuals, at different times, and in the same city as the search site. The affidavit contains no additional information which supports the informant's veracity. Since an arrest may not lead to further proceedings and, therefore, may be a "dud," *Commonwealth* v. *Shea*, 28 Mass. App. Ct. 28, 31 (1989), information limited to the details of the arrest does not constitute self-verifying specificity in that it does not

strengthen any inference relating to the trustworthiness of the informant. That more than one arrest is attributed to an informant also does not necessarily enhance his reliability. Compare *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 407 (1989) (affidavit that referred to the arrest and convictions of "persons" would fail to establish probable cause if reference to convictions were struck).

We recognize the theoretical possibility that arrests resulting from an informant's tips may be reported in such number in an affidavit as to be construed as self-verifying without any additional indications of reliability. See 1 LaFave, *supra* at 634. Our conclusion that that number has not been here attained is supported by the decision in *Commonwealth* v. *Melendez*, 407 Mass. 53 (1990), reported after the trial of the case at bar. In *Melendez*, the affidavit in support of a search warrant application reasonably could be read to indicate that an unnamed informant had given information that led to the arrest of more than two individuals. It stated that "[t]wo such arrests" were of named persons, on a specific date, in the same city in which the search site was located. *Id.* at 54. The arrests were for possession of heroin with intent to distribute. The affidavit was held to be insufficient.

*Commonwealth* v. *Melendez*, *supra*, underscores the need for affiants to include significant indicia of an informant's reliability, in addition to specific information about past arrest tips, in order for their affidavits to pass constitutional muster. The affidavit in the case contained information to the effect that the cases of the arrested persons were "currently pending" in a District Court and that the informant had purchased cocaine at the place to be searched from a Jorge Melendez and injected it into his or her arm. It also stated that Jorge Melendez had previously pleaded guilty in the Superior Court to a cocaine possession charge. Notwithstanding the specificity relating to the prior tips and the accompanying detail which arguably could support a contrary result,[5] a

---

[5]In his dissent in *Commonwealth* v. *Melendez*, 407 Mass. at 59-69, Justice Greaney contended that the corroborative information in the affidavit provided an adequate basis to find the informant reliable.

majority of the Supreme Judicial Court held that the affidavit failed to establish probable cause.

The affidavit before us is similarly specific with regard to past tips, but it is devoid of any additional detail which reasonably might support an inference of reliability.[6] Absent such detail, the assertion that the informant had provided information leading to three arrests is insufficient to establish the informant's veracity.

Accordingly, the judgment is reversed, the verdict set aside, and the orders denying the defendant's motions to suppress are vacated. An order is to enter allowing the motions to suppress. We are unable, on the record, to determine the extent of the Commonwealth's reliance on the illegally seized evidence. We, therefore, do not preclude retrial. See *Commonwealth* v. *Taylor*, 383 Mass. 272, 285 & n.17 (1981). The prosecution, of course, is under an obligation promptly to notify the Superior Court of its intentions as to retrial. *Commonwealth* v. *Erickson*, 14 Mass. App. Ct. 501, 508 (1982).

*So ordered.*

---

[6]The judge who denied the second motion to suppress in this case based his decision on the conclusion that the tips resulting in the three arrests for possession of cocaine or heroin supported the inference that the named narcotics were found in the possession or control of the arrested persons. He apparently reasoned that the inferred possession or control of narcotics constituted additional evidence supporting the further inference of reliability of the informant. Whatever the merits of this line of reasoning, *Commonwealth* v. *Melendez*, *supra*, renders it unavailable to us since the affidavit in that case also described arrests for possession of specified illegal drugs. It is noteworthy that neither the affidavit in the case before us nor that in *Melendez* indicates that the informants' tips had led to both arrests *and* seizure of illegal drugs. See 1 LaFave, *supra* at 634 n.86.