COMMONWEALTH *vs.* MIKE LAPINE.

Essex. January 8, 1991. - May 8, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Probable Cause. Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause.

Probable cause for the issuance of a warrant to search a dry-docked fishing vessel on which the defendant was a deck hand was established by an affidavit based on statements by an unnamed informant that certain stolen goods were on board the vessel, where the basis of the inform- ant's knowledge was demonstrated by a statement in the affidavit that the informant had gained the information by hearing a conversation between the defendant and two other men, and where, in reference to the informant's veracity, the affidavit furnished the magistrate issuing the warrant with details regarding the accuracy of a prior tip given by the informant. [40-42]

COMPLAINT received and sworn to in the Gloucester Divi- sion of the District Court Department on August 23, 1989.

A pretrial motion to suppress evidence was heard by *Ellen Flatley*, J.

Leave to appeal was allowed by *Wilkins*, J., in the Su- preme Judicial Court for the county of Suffolk and the ap- peal was reported by him to the Appeals Court. The Su- preme Judicial Court transferred the case on its own initiative.

*S. Jane Haggerty*, Assistant District Attorney, for the Commonwealth.

*Wesley B. Prevost* for the defendant.

NOLAN, J. This case affords us another opportunity to clarify the standards to be used by a magistrate when deter- mining whether information provided by a confidential in- formant is sufficiently reliable to justify issuing a search war- rant. A judge in the District Court allowed the defendant's

motion to suppress evidence seized by the Gloucester police pursuant to a search warrant. The Commonwealth's appeal was entered in the Appeals Court. Thereafter, the Commonwealth filed an application for interlocutory appeal which was allowed by a single justice of this court. We transferred the case here on our own motion. We conclude that the magistrate was in possession of facts sufficient to justify a finding that the information at issue was reliable. That information provided probable cause to search the premises. The evidence seized by that search, therefore, should not have been suppressed.

On August 18, 1989, a member of the Rockport police department communicated with Officer Joseph F. Aiello of the Gloucester police department concerning a recent burglary in Rockport. The Rockport officer told Officer Aiello that a Gloucester man, one Donald G. Lake, had been seen in the area at the approximate time of the robbery. Officer Aiello was also informed that, when questioned, Lake had given police a false name and that he had reported his automobile stolen shortly after the crime. The automobile was discovered undamaged near the crime scene.

Officer Aiello then spoke to another Gloucester police officer, Sergeant Edward Hardy, who related to Aiello information provided by an informant known to Aiello. That informant had been present when a conversation took place among Lake, one William Williams, and the defendant. The substance of this conversation was that the three had burglarized the Rockport house and were making arrangements to dispose of the stolen items. The informant also learned from this conversation that the stolen items were on board the fishing vessel Cory's Pride which was in dry-dock at Rocky Neck in Gloucester.

Officer Aiello then learned that a boat by the name of Cory's Pride was indeed dry-docked at Rocky Neck. The officer also discovered that the defendant was a deck hand on board the vessel. Officer Aiello had seen the three men together on prior occasions and knew them to be friendly with one another.

On August 21, 1989, Officer Aiello applied to a clerk-magistrate for a warrant to search the fishing vessel. He supported his application with an affidavit which set forth facts summarized above. The affidavit related the informant's tip but did not identify the informant. The affidavit did, however, state that the informant had proved reliable in the past. In particular, the informant had provided information which had led to drug related arrests. The affidavit stated, "The information provided by this informant in regards to the presence of drugs, the amount of drugs and the description of the house all proved reliable."

The clerk-magistrate issued the warrant. Gloucester police executed the search, discovered the stolen goods, and arrested the defendant. Prior to trial, the defendant moved to suppress the evidence seized pursuant to the warrant. The District Court judge suppressed the evidence and we vacate the order of suppression.

Under art. 14 of the Massachusetts Declaration of Rights[1] a search warrant must be supported by probable cause. *Commonwealth* v. *Upton*, 394 Mass. 363, 370 (1985). If the information provided by the confidential informant was reliable, it clearly was sufficient to give rise to probable cause that the stolen goods were on board the vessel. In *Upton*, this court set forth the standard for determining whether information received from an unidentified informant is sufficiently reliable to give rise to probable cause under art. 14. *Id.* at 373. The *Upton* court stated: "[I]f an affidavit is based on information from an unknown informant, the magistrate must 'be informed of (1) some of the underlying circumstances from which the informant concluded that the contra-

---

[1]Article 14 states: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize their property, be not accompanied with a special designation of the persons or objects of search, arrest, or seizure; and no warrant ought to be issued but in cases, and with the formalities prescribed by the laws."

band was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was "credible" or his information "reliable" (the veracity test). . . . If the informant's tip does not satisfy each aspect of the . . . test, other allegations in the affidavit that corroborate the information could support a finding of probable cause. . . .'" (Citations omitted.) *Id.* at 374-375. This continues to be the law in this Commonwealth and provides the standard under which this case must be decided.

In this case, the affidavit stated that the informant gained the information by hearing a conversation between the defendant and two other men. The magistrate was not left to speculate as to how the informant came by the evidence. The basis of knowledge aspect of the test, therefore, was fully satisfied.

We must next determine whether the information possessed sufficient indicia of veracity to support a finding of reliability by the magistrate. The Commonwealth contends, and we agree, that the veracity aspect of the examination was satisfied because the informant had proved to be reliable in the past.

The defendant contends that *Commonwealth* v. *Rojas*, 403 Mass. 483 (1988), precludes reliance on the prior tip because the tip had resulted only in arrests at the time of the affidavit. *Rojas*, however, stands only for the proposition that an affidavit which states that an informant has provided information leading to an arrest, with nothing more, does not satisfy the reliability test. *Id.* at 486. There we noted: "The affidavit does not make clear what role the informant played in obtaining the arrest. Nor does it indicate whether any information previously provided to the police by him had been proven correct." *Id.*

In contrast, the affidavit at issue here indicates that the informant's prior information had indeed proven to be correct. The mere fact that there has been no conviction will not disqualify an arrest based on an informant's tip from forming part of that informant's "track record" so long as the signifi-

cant information contained in the prior tip was shown to be accurate. In *Rojas, supra,* there was simply not enough information in the affidavit from which the magistrate could infer the informant's reliability. In this case, the magistrate was furnished with details regarding the informant's prior tip and its accuracy and was thus able to make a meaningful determination as to the informant's credibility. The veracity prong of the test is therefore met.[2] See *Commonwealth* v. *Perez-Baez, post* 43 (1991).

The search warrant was issued on a proper finding of probable cause and the District Court judge therefore erred in suppressing the evidence. The case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

---

[2]Because the affidavit was sufficient to establish the informant's reliability, there is no need to consider corroboration by the police of certain facts in deciding whether the veracity prong was met. The corroboration included the following: Officer Aiello personally knew that the three men were friends, and thus, the fact that they spoke together was not surprising. Donald Lake's name had already been raised in connection with the Rockport burglary, thus corroborating the informant's contention that Lake was involved in the burglary. The vessel mentioned by the informant was in fact docked at Rocky Neck, as the informant said. The defendant was a deck hand on the vessel and, thus, would have had an opportunity to hide the stolen goods on board.