COMMONWEALTH *vs.* DAVID A. CACICIO. No. 90-P-531. October 25, 1991. *Controlled Substances. Search and Seizure,* Affidavit, Probable Cause. *Probable Cause. Practice, Criminal,* Motion to suppress, Motion for reconsideration.

The defendant, convicted of trafficking in cocaine in excess of 200

grams, appeals from the judgment[1] and from the denial of his motion, filed
seven months after the conviction, for a new trial and a rehearing of his
motion to suppress the proceeds of the search that yielded the contraband.

1. *The appeal from the judgment.* A judge other than the trial judge
denied the defendant's motion to suppress the cocaine and other evidence
seized in a search of the defendant's 106 Pomona Street apartment in Re-
vere on November 19, 1988. The search was authorized by a warrant, and
the defendant's contention is that the affidavit of a Revere police officer
supporting the application did not show probable cause to believe that co-
caine or other contraband would be found in the apartment. Salient facts
disclosed by the affidavit included the following: (1) On September 11,
1988, Revere police officers, responding to a report of a breaking and en-
tering, confiscated a shotgun from one Steven Hunt in the downstairs
apartment at 106 Pomona Street and observed a scale in the defendant's
upstairs apartment. (In context, we think that a reader could draw an in-
ference that the scale, although undescribed in the affidavit, meant a scale
of the type used in drug packaging, such as a digital gram scale.) (2) On
September 24 the defendant was arrested by Somerville police and his car
was searched, revealing forty-five grams of cocaine. (3) Based on informa-
tion from Somerville police that the defendant and Steven Hunt were in-
volved together in cocaine distribution from 106 Pomona Street and on the
results of the Somerville car search, the Revere police obtained a warrant
to search both apartments at 106 Pomona Street, recovering from the up-
stairs apartment (i.e., the defendant's) "drug paraphernalia, paper with
drug deals recorded, and plastic bags with white residue believed to be
cocaine." Hunt's apartment yielded a shotgun barrel. This search also oc-
curred on September 24. (4) On November 15 a confidential informant
(CI) "who has given me information in the past which has led to drug
arrests and convictions" told the officers that Hunt was dealing in cocaine
from his apartment at 106 Pomona Street. (5) On November 18 CI in-
formed the affiant that he and a friend had gone to 106 Pomona Street,
entering the basement apartment through a rear door, and that, in the
basement apartment, they had seen people "doing coke" and had either
purchased some or witnessed a sale. (6) The police set up "a loose surveil-
lance" at 106 Pomona Street and observed traffic arrive and leave a short
time later. (7) CI telephoned the affiant on (inferentially) November 19 to
say that he observed people present in the upstairs apartment (i.e., the
defendant's) at 106 Pomona Street. (8) Officers staking out 106 Pomona
Street on November 19 observed a car arrive, without lights, at 106 Po-
mona Street, the driver stopping briefly at the upstairs apartment before

---

[1]The defendant was also convicted of unlawful possession of a shotgun and unlaw-
ful possession of ammunition. Those indictments were placed on file with the con-
sent of the defendant. See *Commonwealth* v. *Delgado*, 367 Mass. 432, 438 (1975).

departing. (9) The same officers observed Steven Hunt leave his apartment and approach another vehicle that contained several persons.

The judge correctly ruled that the affidavit, read in a commonsense fashion (see *Commonwealth* v. *Upton*, 394 Mass. 363, 376 [1985]), made the requisite showing, i.e., probable cause to believe cocaine would be found in the defendant's apartment on November 19, 1988. The Somerville search justified an inference that the defendant was a drug dealer. Finding drug paraphernalia and drug-sale records in his apartment on September 24 and a scale in his apartment on September 11 justified an inference that his apartment was probably used as a base for his drug operations. An inference that Steven Hunt was probably a cocaine dealer was justified based on the observations of CI, corroborated to some extent by the police observations on November 19 and to a more limited extent by the presence, first, of a shotgun and, later, of a shotgun barrel in his apartment. The reliability of CI was established by his having given in the past information that led to arrests *and convictions* of drug dealers (see *Commonwealth* v. *Amral*, 407 Mass. 511, 515 [1990]; compare *Commonwealth* v. *Rojas*, 403 Mass. 483 [1988], and *Commonwealth* v. *Mejia*, 29 Mass. App. Ct. 665, 668-669, *S.C.*, 411 Mass. 108 [1991], where the informants' assistance in the past had led only to arrests; see also *Commonwealth* v. *Lapine*, 410 Mass. 38, 41-42 [1991]) and was to some extent also corroborated by the short duration visits observed by the police, at least one of which involved Hunt and one (at least) the upstairs apartment. Compare *Commonwealth* v. *Parapar*, 404 Mass. 319, 323 (1989); *Commonwealth* v. *DiStefano*, 22 Mass. App. Ct. 535, 538-539 (1986); *Commonwealth* v. *Peguero*, 26 Mass. App. Ct. 912, 913, 914 (1988). These visits took place within twenty-four hours of the warrant application. Putting all that together, a reader could reasonably infer that 106 Pomona Street was probably a cocaine distribution center, that both occupants were involved in the trade — an inference properly drawn without giving weight to the conclusory information to the same effect given by the Somerville police — and that sales were ongoing at the time the warrant was applied for.

2. *The motion for a new trial.* By this motion the defendant sought reconsideration of his motion to suppress, based on the fact that, some five months after his conviction in this case, a judge of the Superior Court, acting in a case involving the cocaine seized on September 24 from the defendant's car, had ordered that that cocaine be suppressed. The motion for reconsideration was properly denied. The pretrial motion to suppress the cocaine seized in the November 19 search did not suggest as a ground that the September 24 car search was unlawful and that that portion of the affidavit supporting the November 19 application must be disregarded. The transcript of the hearing on the motion to suppress the November 19 cocaine confirms that no question was raised in this respect. The point may not be raised as of right in a posttrial motion for reconsideration if it could

have been raised earlier. The ruling of the judge concerning the September 24 car search was not available to the defendant at the time of the hearing concerning the November 19 search, but it is not suggested that the facts upon which the car search ruling was based were not then known to the defendant. Compare *Commonwealth* v. *Grace*, 397 Mass. 303, 306 (1986); *Commonwealth* v. *Mandell*, 29 Mass. App. Ct. 504, 508 (1990). As the motion was properly denied for the reason given, we need not consider the additional reasons advanced by the trial judge for denying the motion.

*Judgment affirmed.*

*Order denying motion for new trial and for reconsideration of motion to suppress affirmed.*

*John C. McBride* (*Robert J. Wheeler, Jr.*, with him) for the defendant.
*Susan Underwood*, Assistant District Attorney, for the Commonwealth.