COMMONWEALTH *vs.* RAFAEL A. SANTANA.

Essex. November 6, 1991. - January 14, 1992.

Present: LIACOS, C.J., WILKINS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Probable Cause. Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Affidavit, Probable cause.

An affidavit in support of a search warrant that did not supply any detail with regard to the confidential informant's veracity, beyond a recital that he had previously provided information that led to two drug-related arrests, did not provide sufficient underlying circumstances for a determination that the informant was credible or his information reliable, and information from another unnamed informant did not supply sufficient corroboration of the first informant's information; therefore the affidavit failed to establish probable cause for the issuance of the warrant. [663-665]

INDICTMENTS found and returned in the Superior Court Department on December 3, 1988.

A pretrial motion to suppress evidence was heard by *Peter F. Brady,* J., and the cases were heard by *John L. Murphy, Jr.,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Mario J. Lucchesi* for the defendant.

*Robert J. Bender,* Assistant District Attorney (*George M. O'Connor,* Assistant District Attorney, with him) for the Commonwealth.

NOLAN, J. The defendant appeals from his convictions of trafficking in heroin, trafficking in cocaine, and possession of marihuana with intent to distribute, on the ground that there was no probable cause to issue the search warrant which led

to the seizure of the evidence against him.[1] A judge in the Superior Court denied the defendant's motion to suppress the evidence seized pursuant to the search warrant, and a single justice of this court then denied the defendant's application for leave to appeal from the interlocutory order. The trial judge found the defendant, who had waived his right to a trial by jury, guilty on each indictment. The defendant properly filed a notice of appeal, and this court allowed his application for direct appellate review. We conclude that the motion judge improperly denied the defendant's motion to suppress the evidence seized pursuant to the search warrant, and we reverse the judgments of conviction.

State police Corporal John J. Walsh applied for a search warrant of a second-floor apartment at 44 Fern Street in Lawrence on or about September 12, 1988. The affidavit stated that, within the previous forty-eight hours, Corporal Walsh had met with a confidential and reliable informant, referred to in the affidavit as "CRI."[2] According to the affidavit, CRI had provided information in the past that led to the arrests of one Edwin Rivera for possession of heroin with intent to distribute, and one Felix Mejia for "major" trafficking in cocaine. CRI stated, according to the affidavit, that a Hispanic male was selling glassine bags of heroin from his second-floor apartment at 44 Fern Street in Lawrence. Additionally, the affidavit alleged that CRI had been at the heroin dealer's apartment within the previous forty-eight hours, and that CRI had observed the dealer selling thirty bags of heroin to another male, who told CRI that the heroin dealer used a juvenile male, whom the heroin dealer referred to as his son, to assist him in his drug dealing. According to CRI,

---

[1]While the defendant's brief identifies three other issues in its statement of the issues, the brief itself is devoid of any argument of these other issues as required by Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). See Commonwealth v. Gordon, 407 Mass. 340, 350 (1990). Therefore, we only consider his argument concerning probable cause for the search warrant.

[2]This is the same informant referred to in Commonwealth v. Mejia, ante 108, 110 (1991).

the heroin dealer told CRI that he had plenty of heroin for sale and was looking for good customers.

The affidavit also stated that the Lawrence drug task force hotline had received two telephone calls during the week of September 4, 1988, from a person who wished to remain anonymous (anonymous informant) for safety reasons. The anonymous informant stated that a Hispanic male, who resided in a second-floor apartment at 44 Fern Street in Lawrence, was "dealing" substantial amounts of heroin and was using a juvenile Hispanic male to assist him. The anonymous informant also stated that a relative of the anonymous informant had recently purchased heroin from the Hispanic male and became very ill from using this heroin.

Based on the information provided within this affidavit, a search warrant was issued to Corporal Walsh. Upon execution of the search warrant, police officers seized substantial quantities of heroin, cocaine, and marihuana, along with other drug-related paraphernalia, from the defendant's apartment.

Under art. 14 of the Massachusetts Declaration of Rights, a magistrate must determine that probable cause exists before issuing a search warrant. *Commonwealth* v. *Upton*, 394 Mass. 363, 370 (1985). In *Upton*, this court held that the test for determining probable cause in cases involving unidentified informants springs from the principles enumerated in *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969). *Upton, supra* at 374. "Under the *Aguilar-Spinelli* standard, if an affidavit is based on information from an unknown informant, the magistrate must 'be informed of (1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was 'credible' or his information 'reliable' (the veracity test). *Aguilar* v. *Texas, supra* at 114. If the informant's tip does not satisfy each aspect of the *Aguilar* test, other allegations in the affidavit that corroborate the information could support a find-

ing of probable cause. *Spinelli* v. *United States, supra* at 415.' " *Upton, supra* at 374-375.

Because there are no meaningful distinctions between the facts in the present case and the facts in *Commonwealth* v. *Rojas,* 403 Mass. 483 (1988), we conclude that the information in the affidavit was insufficient to satisfy the veracity test of the *Aguilar-Spinelli* standard, and that the tips did not cure the deficiency.[3] In *Rojas,* the affidavit essentially stated that a confidential informant, who had previously provided information which led to a drug-related arrest, reported that the defendant was dealing cocaine from his apartment, using a "pager" and his automobile to distribute the cocaine, and was in possession of a handgun. *Id.* at 484. In the present case, the affidavit essentially stated that a confidential informant, who had previously provided information which led to two drug-related arrests, reported that the defendant was dealing heroin from his apartment and using his son to distribute the cocaine.

None of the differences between the facts in the present case and the facts in *Rojas* provided the magistrate with sufficient grounds on which he could find probable cause. That the CRI in this case provided information in the past that led to two drug-related arrests, while the confidential informant in *Rojas* provided information that led to only one arrest, is not a meaningful difference. In *Commonwealth* v. *Mejia, ante* 108 (1991), this court concluded that the fact that an informant provided information that led to the arrests of three individuals did not establish that informant's reliability. *Id.* at 113-114. That the informant in the present case provided information which led to the arrest of an individual for drug trafficking, as opposed to an arrest for drug distribution as in *Rojas,* is also of no consequence. "The affidavit does

---

[3]Although the defendant agrees that the basis of CRI's knowledge is established in this case, he challenges the basis of the anonymous informant's knowledge. Because we conclude that there was no probable cause for the search warrant because of a lack of reliability or corroboration of both informants, we need not consider the defendant's challenge to the basis of the anonymous informant's knowledge.

not make clear what role the informant played in obtaining the arrest. Nor does it indicate whether any information previously provided to the police by him had been proven correct." *Rojas, supra* at 486.

The fact that the anonymous informant in this case made two tips to the police hotline, rather than one tip as in *Rojas*, is also insignificant. "In order for independent, unnamed informants' statements to corroborate each other, they must correspond in 'significant, detailed respects.' " *Id.* at 488, quoting *Commonwealth* v. *Nowells*, 390 Mass. 621, 624 (1983). It is the amount of the detail provided by the anonymous informant, and not the number of tips from that informant, that provides the necessary corroboration of another unnamed informant. The anonymous informant's information in this case was less detailed than that of the anonymous informant in *Rojas* and failed, therefore, to provide sufficient corroboration of CRI's information.

The judgments are reversed and the verdicts are set aside. The order denying the defendant's motion to suppress is vacated, and this case is remanded for further proceedings consistent with this opinion.

*So ordered.*