COMMONWEALTH *vs.* ADELAIDA MENDEZ (and twenty-nine companion cases[1]). No. 91-P-973. February 28, 1992. *Probable Cause. Constitutional Law*, Search and seizure, Probable cause. *Search and Seizure*, Affidavit, Probable cause, Forcible entry by police.

On October 16, 1989, Detective Albert Pacheco of the New Bedford police department applied for and received "no knock" search warrants for apartments #2 and #9 located at 167 Acushnet Avenue, New Bedford. The "no knock" search warrant for apartment #9 was executed on October 19, 1989, and resulted in the seizure of over twenty-eight grams of cocaine, over $800 in United States currency, scales, and other drug paraphernalia. The defendants were arrested and subsequently indicted for various violations of G. L. c. 94C.

Prior to trial, the defendants filed a motion to suppress all evidence obtained by the police as a result of the search of apartment #9 at 167 Acushnet Avenue. They claimed that there was neither probable cause to issue the search warrant, nor sufficient evidence in the affidavit to justify the issuance of a "no-knock" warrant. After a hearing, a Superior Court judge allowed the defendants' motions. The Commonwealth's application for an interlocutory appeal was allowed by a justice of the Supreme Judicial Court and the Commonwealth's appeal was heard by a panel of this court. We conclude that the motion judge improperly allowed the defendants' suppression motions.

"Article 14 of the Massachusetts Declaration of Rights requires that a search warrant be supported by probable cause." *Commonwealth* v. *Mejia*, 411 Mass. 108, 111 (1991). When the Commonwealth relies on an affidavit based on information obtained from a confidential informant, it must demonstrate "(1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was 'credible' or his information 'reliable' (the veracity test)." *Commonwealth* v. *Upton*, 394 Mass. 363, 374-375 (1985), citing *Aguilar* v. *Texas*, 378 U.S. 108, 114 (1964). Here, the motion judge found that the basis of knowledge test was satisfied but that the Commonwealth failed to satisfy the veracity test.

The veracity test "may be satisfied by demonstrating that the informant has provided information in the past which has proved to be accurate." *Commonwealth* v. *Perez-Baez*, 410 Mass. 43, 45 (1991). Here, Detective Pacheco submitted an affidavit which relied upon information provided by a confidential informant. Pacheco stated in the affidavit that "[s]tatements made to me during the week of 10/9/89 by a reliable informant who has been proven reliable in the past by supplying information to Detective Sgt.

---

[1]Five against David Gonsalves, five against Miguel Rodriguez, five against Rosario Mendez, five against Rosa Aquino, five against Shawn A. Pires, and four against Adelaida Mendez.

Melvin Wotton of the [New Bedford Police Department] Narcotics Unit with information which led to the arrest of Guy Pettie, on 10/13/89, and the confiscation of over 14 grams of cocaine, 25 packets of heroin, and [United States] currency. In the Pettie case the informant was present and observed the cocaine and heroin in the second floor rear apartment of 16 Hicks Street, [New Bedford]."

The judge ruled that "the affiant failed to furnish any details about the role played by [the] informant in [Pettie's] arrest, nor did Pacheco supply any 'meaningful information' beyond the mere fact of Pettie's arrest." Therefore, the judge, relying on *Commonwealth* v. *Rojas*, 403 Mass. 483, 486 (1988), ruled that the veracity test had not been satisfied.

In *Rojas*, the court held that "[a] naked assertion that in the past the informant had provided information which led to a prior arrest is insufficient by itself to establish an informant's veracity. The magistrate must be furnished with more detail regarding the circumstances of the prior arrest in order to make a meaningful determination of the informant's veracity." *Id.* at 486. See also *Commonwealth* v. *Mejia*, 29 Mass. App. Ct. 665, 668, *S.C.*, 411 Mass. 108 (1991)("While the veracity test does not require a representation by an affiant that the informant's past tip led to a conviction . . . , some meaningful information beyond the mere fact of an arrest is necessary"). It has been held that the veracity test was satisfied where the informant gave past information which led to the arrest of a person for possession of cocaine and the attendant seizure of cocaine. *Commonwealth* v. *Perez-Baez*, 410 Mass. at 46.[2] Contrast *Commonwealth* v. *Santana*, 411 Mass. 661, 663-665 (1992) (recital that informant had previously provided information that led to two drug-related arrests, without more, did not satisfy the veracity test).

The Supreme Judicial Court has "repeatedly stated that affidavits in support of search warrants are to be approached, in hindsight, with a view toward common sense. They 'should be read in their entirety, not in a hypertechnical fashion, and . . . considerable latitude should be allowed for the drawing of reasonable inferences from their faces.' " *Commonwealth* v. *Smith*, 370 Mass. 335, 342-343 (1976), quoting from *Commonwealth* v. *Perada*, 359 Mass. 147, 149 (1971), and cases cited. *United States* v. *Ventresca*, 380 U.S. 102, 108-109 (1965).

In this case, we construe the recitation in the affidavit supporting the informant's reliability to mean that sometime in the past, the informant had observed cocaine and heroin in a certain apartment and notified the police of his observations; as a result, the police searched the apartment and arrested one Pettie and seized cocaine, heroin, and money. Therefore, the informant's prior tip indeed proved to be correct. "The mere fact that there has been no conviction will not disqualify an arrest based on an in-

---

[2]*Commonwealth* v. *Perez-Baez, supra*, had not been decided at the time that the judge made his decision in this case.

formant's tip from forming part of that informant's "track record" so long as the significant information contained in the prior tip was shown to be accurate." *Commonwealth* v. *Lapine*, 410 Mass. 38, 41-42 (1991). Here, the affidavit provided significant details concerning the informant's prior tip and its accuracy. The magistrate "was thus able to make a meaningful determination as to the informant's credibility." *Id.* at 42. We conclude that the veracity test set forth in *Commonwealth* v. *Upton, supra*, was satisfied.

There also was sufficient evidence in the affidavit to support the issuance of a "no-knock" warrant. It has been held that "police officers, when seeking a 'no-knock' warrant, must convince the issuing magistrate that probable cause exists to believe that the evidence will be destroyed if the 'knock and announce' rule is not dispensed with." *Commonwealth* v. *Gomes*, 408 Mass. 43, 45 (1990). Here, the affidavit recited that the cocaine in apartment #9 was kept in the bathroom under the sink and, thus, could easily be disposed of if the occupants were alerted by a knock and announcement by the raiding police. However, the fact that drugs are the object of the search, *by itself*, is insufficient to prove the necessary showing that must be made to the magistrate. *Commonwealth* v. *Scalise*, 387 Mass. 413, 421 (1982).

Here, the affidavit provided additional factors that justify a "no-knock" warrant. It stated that the building in which apartment #9 is located is "a security building all doors are kept locked," and that "several males and females have been seen in the rear and front of 167 Acushnet Avenue and were seen running into the rear entrance [when] a police unit pulled into the rear parking lot." The type of apartment building and the presence of several persons outside the building and their actions at the approach of the police provided a "virtual lookout for the appearance of police . . .." *Commonwealth* v. *Benlien*, 27 Mass. App. Ct. 834, 836 (1989). All of these factors combined to justify a "no-knock" warrant.

The search warrant was properly issued. The order of the Superior Court judge suppressing the evidence is vacated. The case is remanded to the Superior Court for further proceedings.

*So ordered.*

*Cynthia A. Vincent*, Assistant District Attorney, for the Commonwealth.
*Miriam H. Babin* (*Robert M. Xifaras* with her) for the defendants.