Stevens *v.* The Commonwealth.

---

### JOHN STEVENS *vs.* THE COMMONWEALTH.

By the Rev. Sts. *c.* 143, § 19, a convict, who is liable to be punished by solitary imprisonment and confinement to hard labor in the state prison, three years or more, may be sentenced to the house of correction for a term not exceeding three years, although he is not liable to be sentenced to the county jail, for the same offence, for a term exceeding two years : The house of correction, in such case, is a substitute for the state prison, and not for the county jail.

.t is not necessary, in order to warrant a sentence of imprisonment in the house of correction or county jail, under the Rev. Sts. *c.* 143, § 19, that it should appear on the record that the convict had not been before sentenced to a like punishment.

A conviction on an indictment for larceny, which contains three counts, each de-

scribing different property and different owners, but each alleging the offence to have been committed on the same day, is not a conviction of three distinct larcenies, within the meaning of the Rev. Sts. *c.* 126, § 19, and therefore does not require that the convict should be sentenced as a common and notorious thief.

Wherever the revised statutes direct that a convict " shall be punished by imprisonment in the state prison, not more than " a certain limited term, without distributing the term specifically into periods of solitary imprisonment and confinement at hard labor, the court cannot sentence him to hard labor, for such maximum term, and add thereto days of solitary imprisonment; but the aggregate of confinement to hard labor and solitary imprisonment must be kept within such maximum term.

Under the Rev. Sts. *c.* 143, § 49, if a prisoner, who is sentenced to the house of correction for successive terms of imprisonment on several convictions, breaks prison and escapes before the expiration of the sentence on his first conviction, he may be sentenced, on conviction of such escape, to suffer, in the state prison, the unexpired term to which he was sentenced on all the previous convictions.

By the Rev. Sts. *c.* 139, § 8, a sentence to imprisonment in the state prison must be partly to solitary imprisonment and partly to confinement at hard labor; and a sentence, which directs no solitary imprisonment, is erroneous and may be reversed on error at the suit of the convict.

THREE WRITS OF ERROR. The opinion of the court shows the whole matter.

*G. Bemis*, for the plaintiff in error.

*Austin*, (Attorney General,) for the Commonwealth.

SHAW, C. J. In the *first* of these cases, it appears by the record that the prisoner was convicted of simple larceny, at the January term of the municipal court, 1839, and that the value of the property stolen by him was more than $ 100. Upon this he was sentenced to two years' hard labor and three days' solitary imprisonment in the house of correction. The error assigned is, that the sentence to three days' solitary imprisonment is not warranted by law; and generally, that the judgment is erroneous and void.

The ground taken in behalf of the prisoner is, that by the Rev. Sts. *c.* 126, § 17, it is provided that one convicted of stealing property of the value of more than $ 100 " shall be punished by imprisonment in the state prison not more than five years, or by fine not exceeding $ 600, and by imprisonment in the county jail, not more than two years." We are then referred to the Rev. Sts. *c.* 143, § 17, which provide, that " any person convicted of an offence, punishable wholly or in part by imprisonment in the county jail, may be sentenced to suffer such impris-

onment in the house of correction, instead of the jail." It is then argued, that as the imprisonment in the county jail cannot exceed two years — when the place is changed from the jail to the house of correction, " such imprisonment " cannot exceed two years, which is the maximum of punishment in the county jail, and therefore that the three days' solitary imprisonment is an excess. If there were no other provision, there would be strong ground to maintain this proposition. But we think the validity of the sentence depends upon another provision. By the Rev. Sts. *c.* 143, § 19, it is provided, that " when the punishment of solitary imprisonment and confinement at hard labor for a term not exceeding three years, shall be awarded against any convict, who has not been before sentenced to the like punishment, by any court in this State, or within the United States, such sentence may be executed, either in the house of correction, or in the county jail, or in the state prison." This convict was precisely within the terms of this provision. He was convicted of larceny over $100 ; he was liable to be sentenced for a term exceeding three years, viz. five years in the state prison. He therefore might be sent to the house of correction for three years, but he was in fact sentenced for two years and three days ; which is within the term.

But it is argued, that as the punishment for such larceny is either in the state prison, not more than five years, or in the county jail, not more than two years — if he is sent to the house of correction, it must be presumed to be a substitute for the jail. But this does not follow. It is in fact a substitute for the state prison, where he might be sent for five years.

It is, however, further argued, that this is not the true construction, because by this § 19, one who is liable, by the terms of the act limiting the sentence to two years, might, by force of this section, literally construed, be sentenced to the county jail for three years. We think it will not bear this construction. The true mode of construing this section is this : We are to look to other parts of the revised statutes to see what length of imprisonment a convict is liable to be sentenced to ; then, if it is three years or less, either in the county jail or state prison, it may be ex

ecuted in the house of correction. But if, by such other law, he is not liable to a sentence over two years in the county jail, then by force of this statute, " such sentence " may be executed in the house of correction, instead of the county jail ; that is, an imprisonment not exceeding two years — and so of a less time. But in the case of this prisoner, as he was liable, under the law giving an alternative sentence, either to the county jail or state prison, and to the latter for a term over three years, he was liable to be imprisoned in the house of correction for a term not exceeding three years.

Another exception to this conviction and judgment, not assigned for error, but taken at the hearing, was, that it does not appear by the record, that the prisoner had not been before sentenced to a like punishment by any court of this State, or within the United States ; and so a sentence to the house of correction, instead of the state prison, was not warranted by law. But the court are of opinion that this does not affect the validity of the judgment, and that it need not appear by the record, that the prisoner had not before been sentenced to the like punishment.

To reverse a judgment for error, it must appear erroneous on the face of the record. A judgment is entitled at least to so much respect as to be deemed good, unless some error is shown If a party has any exception to take to the proceedings in his trial, arising out of any fact which does not regularly appear in the record, he should make and file his bill of exceptions, which, being allowed by the judge, becomes a part of the record ; and the party may then avail himself of it, either on a summary hearing, or by a writ of error. Otherwise, it is impossible that the court for the correction of errors can judicially know that such matter of exception exists. If the plaintiff in error intended to object to a sentence to the house of correction, and insist on a punishment in the state prison or elsewhere, on the ground that he had been before sentenced to a like punishment, he should have offered evidence of the fact ; and if it had been rejected, or overruled as insufficient, he should have taken his exception at the time, and then he might have had the benefit of it after

wards. As the matter now stands, we cannot know that he has ever before been convicted and sentenced. It is not a fact to be presumed without proof; and therefore there is no objection to the sentence on that ground. This judgment is affirmed.

The *second* of these writs of error brings before us one indictment with three counts, for stealing property on the same day, alleged to be the property of three different persons; each count being for one person's property, and the whole amounting to a less value than $ 100. Upon this indictment there was a general verdict of guilty, at the January term of the municipal court, 1839, and thereupon the prisoner was sentenced to three days' solitary imprisonment and one year at hard labor in the house of correction.

The error assigned is, that the prisoner was, in effect, convicted of three distinct larcenies, at the same term of the court, and therefore should have been sentenced as a common and notorious thief, under the Rev. Sts. *c.* 126, § 19 ; and the authority of the case of *Haggett* v. *The Commonwealth*, 3 Met. 457, is relied on to show that such a judgment is erroneous. But the cases are different. In that case, there were three distinct indictments and three several convictions. In this case, there is one indictment and one conviction. To bring the case within the statute cited, there must be three *distinct* acts of larceny. It is not necessary to decide that three distinct acts of larceny may not be included in one indictment. That question may well remain, till it judicially arises. Davis's Justice contains precedents of one indictment with several counts laying the property in different persons, like the present. Then in the present case, there is nothing in the record, indicating that the theft was not one act, done at one time ; taking, by that one act, the property of different persons. In such case, the court are of opinion that it would not be three distinct larcenies, within the provision of the statute requiring the person convicted of three distinct larcenies, at the same term of the court, to be punished as a common and notorious thief.

But it is then contended, that if the convict was not liable to be sentenced as a common and notorious thief, and was liable to be sentenced as for one larceny only — as the property stolen did not exceed $100 in value, he could not be sentenced to confinement over one year, and the sentence, being for one year and three days, was erroneous.

This brings directly before the court, for its adjudication, a question upon the construction of the revised statutes, which has often been alluded to, but never decided by the court. The question is, whether in cases where the statutes defining or describing an offence, and prescribing a punishment by imprisonment in the state prison, but without distributing the term specifically into periods of confinement to hard labor and solitary imprisonment, it is competent for the court, in awarding punishment, to sentence the convict, for the prescribed term, to hard labor, and add thereto days of solitary imprisonment; or whether the aggregate of confinement to hard labor and solitary imprisonment together must not be kept within the term limited. This is a very important question, deeply and extensively affecting the practice of all the courts of criminal jurisdiction in the Commonwealth, and extending to almost every part of the criminal code.

Under the statutes which preceded the revised statutes, and after solitary imprisonment in the state prison was adopted as a distinct and substantive mode of punishment, it was the common course, in statutes prescribing this mode of punishment, to prescribe one certain term of solitary imprisonment, and another distinct term of confinement to hard labor. Soon after the erection of the state prison, the statutes, generally, were revised in this respect, and in many instances very long terms of solitary imprisonment were prescribed. The general tendency of legislation, since that time, and up to the revision of all the statutes, was to shorten the period of solitary imprisonment; and when any discretion was left to the judges, they pursued the same policy. Indeed, I believe it was found by experience, that such long terms of solitary imprisonment had so injurious an effect upon the mental and physical powers of prisoners, that they operated with an unintended severity, and were contrary to the dictates of humanity.

31 *

In examining the revised statutes, it will be found, I believe, throughout the whole criminal part of the code — at least it is so, as far as I have examined — that in the chapters annexing punishments to offences, where imprisonment in the state prison is the prescribed punishment, the terms used are, such convict "shall be punished by imprisonment in the state prison, not more than —— years," without stating whether to hard labor or to solitary imprisonment. But by *c.* 139, § 8, it is provided, that "in every case in which the punishment of imprisonment in the state prison is awarded against any convict, the form of the sentence shall be, that he be punished by confinement at hard labor, and he shall also be sentenced to solitary imprisonment, for such term as the court shall direct, not exceeding twenty days at one time ; and in the execution of such sentence, the solitary imprisonment shall precede the punishment by hard labor, unless the court shall otherwise order." The question arises upon the construction of this clause ; and that question is, whether the solitary imprisonment is to be a part of the term of imprisonment in the state prison, limited by law, or in addition to it : If the latter, then the whole term of imprisonment may be greatly extended beyond the term prescribed by the legislature as the punishment of the offence, without any other limit than this ; that it shall not exceed twenty days at a time. It can hardly be presumed that the legislature intended to leave the law thus undefined. Still, it is argued, on the other side, that the general practice heretofore has been to award a round period of hard labor, and add a short term of solitary imprisonment. But it is to be considered that the practice grew up under the former statutes, upon which such a practice was not only regular but necessary.

In looking at the revising commissioners' report, in their note to this section, we find the object of this change. They say, " this section contains a general provision, requiring the court to sentence to solitary confinement, not exceeding twenty days at a time, any convict who is punished by imprisonment in the state prison. The chief object of this change is to avoid the constant repetition of the clauses relating to solitary confinement, when

the punishment of imprisonment in the state prison is directed."
This, we think, strongly corroborates the conclusion to be de-
rived from the terms of the clause, that it was intended, by the
generic term " imprisonment in the state prison " to limit the
extent of confinement for the particular offence , leaving the
court, by its sentence, to distribute it, at its discretion, and direct,
by its sentence, what part shall be to hard labor, and what to
solitary imprisonment.

Some doubt of this construction was raised by the use of the
word *form* : " The form of the sentence shall be " &c., as if it
was not intended to affect the substance of the judgment. There
would be some weight in this consideration, if the revised stat-
utes, in other parts, had prescribed solitary imprisonment. But
as they have not, this is the only clause which warrants and re-
quires solitary imprisonment at all ; and as it is plain and explicit
in its direction, it makes such solitary imprisonment a necessary
part of the judgment.

But in looking at the original report of the commissioners, we
find that the words, " the form of the sentence " were not used
by them. The section, as reported by them, was thus : " In
every case in which the punishment of imprisonment in the state
prison is awarded against any convict, he shall also be sentenced
to solitary imprisonment for such term as the court shall direct,"
&c. The other words were afterwards introduced by the re-
vising committee of the legislature, so as to make the sentence
read as it now stands in the revised statutes. This change of
the phraseology, we think, causes a slight ambiguity in the whole
section, but does not substantially alter the meaning.

On the whole, from as careful a collation of the various parts
of the revised statutes, taken in connexion with this specific pro-
vision, as we have been able to make, we are of opinion that the
effect of the revised statutes is, in the case of each particular
crime and offence, to prescribe a maximum term of imprison-
ment, without designating any portion as hard labor, or solitary
confinement ; leaving the court to designate what portion of it,
not exceeding twenty days at a time, shall be passed in solitary
confinement, and the residue at hard labor ; but that no period

of solitary imprisonment, or of hard labor, can be added to the whole term of imprisonment thus prescribed. It follows, therefore, that where the greatest term of imprisonment is one year, a sentence to one year's hard labor and three days' solitary confinement is erroneous.

The prisoner, in this case, was liable to the punishment of imprisonment in the state prison for one year. By Rev. Sts. *c.* 143, § 19, the court was authorized to sentence him, and did sentence him, to the house of correction. But this does not affect the question we have been considering.

The judgment in this case is reversed.

On the return of the record in the *third* case brought before us by the prisoner, it appears, that he was convicted at the municipal court, January term, 1839, on two distinct charges of larceny, and sentenced, upon the first, to two years' hard labor and three days' solitary imprisonment, in the house of correction ; and, upon the second, to three days'. solitary imprisonment, and one year at hard labor in the house of correction, after the expiration of the first sentence : That on the 6th of July 1839, before the expiration of the first of those sentences, he forcibly *broke out and escaped from* the house of correction ; that he afterward was retaken, brought to trial, and upon conviction was sentenced to hard labor in the state prison, for two years, five months and ten days ; that being the unexpired portion of the term, for which he was sentenced, at the time of his escape ; and that, for the offence of so escaping, he was sentenced to confinement at hard labor one year in the state prison.

The first error assigned is, that the prisoner, on his escape from the house of correction, could not be .awfully sentenced, for the unexpired portion of his term, to the state prison.

It appears to us, that this judgment was not erroneous in this respect. The Rev. Sts. *c.* 143, § 49, declare, that " if any person, lawfully imprisoned in any jail or house of correction, under sentence of confinement at hard labor, shall break such prison and escape, he shall be punished by imprisonment in the state prison or county jail not more than three years, in addition to

the unexpired portion of the term, for which he was originally sentenced." Sect. 50 provides a milder punishment for a like escape, when imprisoned for any other cause. It is very certain, that the additional punishment may be in the state prison. The statute so expressly declares. And it seems equally certain, that the additional term, and the unexpired term to which it is additional, are all to be suffered together under one sentence, and may therefore be in the state prison. This provision was a revision of *St.* 1834, *c.* 151, § 14, which required that a convict, sentenced to hard labor in the house of correction, who should escape therefrom, should be punished by hard labor in the state prison, for the remainder of the term for which, &c. and also for a further term of solitary imprisonment and confinement to hard labor, also in the state prison. It was explicit as to the place, in regard to both portions of the term of imprisonment. The only material difference is, that the *St.* of 1834 was imperative, whereas the revised statutes leave it discretionary with the court, to sentence to the state prison or county jail. Both are founded on the same consideration of fitness and justice, that he who has abused the lenity of the law, and refused to submit to the milder custody of the house of correction, shall afterwards be subject to the closer custody and stricter discipline of the state prison.

The next supposed error assigned is, that if the prisoner was liable thus to be sentenced to the state prison, it could only be for the unexpired term of the first sentence which he was working out at the time of the escape, and could not extend to the second sentence, which he had not begun to work out. But the court are of opinion, that there is no error in this. The term of confinement, to which he is to be sentenced, manifestly has reference to the remaining time, for which he was liable to be held to labor, under sentence of the law, at the time he made his escape. It is " the unexpired portion of the term for which he was originally sentenced "; that is, the term for which he was liable to be held to hard labor under sentence, when he was first sent there. This appears to us to be the reasonable construction of the statute, and the only one which will accomplish its

obvious intent. On any other construction, the convict must be subject, on a conviction for such escape, to two sentences, one to the state prison, and one to the house of correction ; or else he would escape suffering the punishment of the second sentence altogether ; neither of which, we think, could have been contemplated by the legislature.

Another error assigned is, that supposing the defendant liable to both portions of the unexpired sentences, still the judgment was erroneous, because the time for which he was so sentenced exceeded such unexpired term. But it appears to us, that this is a question of fact, depending upon matter not appearing on the record, and that it cannot be assigned for error. The counsel went into a calculation, to show that the number of years, months and days, which remained unexpired, when the prisoner escaped, did not exceed a certain term, and then argued that the sentence was erroneous, because it exceeded such term. But this computation depends on the assumption, that the day charged in the indictment was the actual day of escape proved. But it does not legally follow from the conviction, that the day laid was the day proved ; because the day was not material, and it would have been no defence, if it had appeared that the escape was on a day earlier or later. There is, therefore, nothing on the record, by which it can legally appear that the sentence for the unexpired term of the prisoner's sentence, at the time of his escape, was less than that for which he was sentenced, by this judgment.

The last error assigned is, that the prisoner was sentenced to confinement at hard labor in the state prison for one year, in addition to the unexpired term, to which he had been before sentenced, without any sentence to solitary imprisonment. We are of opinion that this error is well assigned, and that, on this ground, the judgment must be reversed. It is provided by the Rev. Sts. c. 139, § 8, that in every case, in which the punishment of imprisonment in the state prison is awarded, the sentence shall be to solitary imprisonment, not exceeding twenty days, at one time, and the residue at hard labor. We had occasion to put a construction upon this provision, in the second

of the writs of error brought before us by this prisoner. The effect of this clause is, to put a construction upon the terms, " imprisonment in the state prison," wherever it is used in the revised statutes, in annexing punishment to crime, and it is equivalent to a direction in each case, that that imprisonment shall be spent partly in solitary confinement, and partly at hard labor ; the proportion of each to be determined by the sentence. That part of the term shall be in solitary imprisonment, is thus made an essential ingredient in the legal sentence to be awarded ; and a sentence directing the whole to be at hard labor, though regarded as milder and less penal, is not the judgment, which the law affixes to the crime, but other and different. *The King* v. *Read*, 16 East, 404. *Rex* v. *Harling*, 1 Mood. Cr. Cas. 39. *Rex* v. *Fletcher*, Russ. & Ry. 58. *The Queen* v. *Hartnett*, Jebb's Cr. Cas. 301. *State* v. *Smith*, 2 Yerg. 272. There are cases, where there may be an alternative sentence, or where the whole or part of the punishments awarded are left to the discretion of the court, or a provision of the statute is merely directory. In all these cases, an omission of part would not render the judgment void. But where two things are required, both essential to the judgment prescribed by law, and together making one judgment, a sentence to part is not the legal judgment. Such judgment, therefore, is erroneous, and though more favorable to the prisoner, may be avoided and reversed at his suit. See *The King* v. *Bourne*, 7 Adolph. & Ellis, 58

This judgment is reversed.