COMMONWEALTH vs. JOSE M. PEREZ-BAEZ.

Suffolk. January 8, 1991. - May 8, 1991.

Present: LIACOS, C.J., WILKINS, NOLAN, O'CONNOR, & GREANEY, JJ.

*Probable Cause. Constitutional Law,* Search and seizure, Probable cause. *Search and Seizure,* Affidavit, Probable cause.

Probable cause for the issuance of a warrant to search the apartment at which a defendant was arrested was established by an affidavit based on statements by an unnamed informant that cocaine was being distributed from the apartment, where the basis of the informant's knowledge was demonstrated by a statement in the affidavit that he was present at the apartment at the time of a sale of cocaine, and where, with reference to the informant's veracity, the affidavit's recitation that a prior tip by the informant had led not only to arrests, but also to seizure of cocaine, demonstrated that he had provided information in the past which had proved to be accurate. [44-46]

INDICTMENT found and returned in the Superior Court Department on December 15, 1988.

A pretrial motion to suppress evidence was heard by *Guy Volterra,* J.

Leave to appeal was allowed by *Nolan,* J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him to the Appeals Court. The Supreme Judicial Court transferred the case on its own initiative.

*Nijole Makaitis,* Assistant District Attorney, for the Commonwealth.

*John D. Hodges, Jr.,* for the defendant.

NOLAN, J. We are called upon to determine whether a clerk-magistrate, relying in part on information provided by an unnamed informant, was justified in finding probable cause to issue a search warrant. The Commonwealth appeals from the suppression of evidence seized during the execution of the warrant. We determine that the affidavit in support of

the warrant application set forth sufficient facts to justify the issuance of the warrant. We therefore set aside the order of suppression.

Sometime after September 4, 1988, Detective Donald Gosselin communicated with a confidential informant (referred to in the affidavit as "IT"). This informant had provided information in the past which, on separate occasions, had led to the arrest of two persons for possession of cocaine and the attendant seizure of the cocaine. The persons arrested were, at the time of the warrant application, awaiting trial.

The informant told Detective Gosselin that a man named Luis Garcia (this name is an alias for the defendant) picked up the informant and a friend and drove the two to 153 Brighton Avenue in the Brighton section of Boston. The informant stated that Luis Garcia drove a grey Audi automobile. Garcia, a man in his mid-twenties, led them to apartment 9 on the second floor. The informant's companion exchanged several hundred dollars for a plastic bag filled with white powder which Garcia had retrieved from another room.

On September 8, 1988, Gosselin applied to a clerk-magistrate in Brighton for a search warrant. Detective Gosselin supported his application with an affidavit alleging, in substance, the facts outlined above. The warrant was granted, drug related paraphernalia were seized, and the defendant was arrested. The defendant moved to suppress the evidence at trial. Based largely on our holding in *Commonwealth v. Rojas*, 403 Mass. 483 (1988), the judge of the Superior Court granted the motion. We now reverse.

In order for a search to be valid under art. 14 of the Declaration of Rights of the Commonwealth, it must be supported by probable cause.[1] *Commonwealth* v. *Upton*, 394

---

[1]Article 14 states: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions. All warrants, therefore, are contrary to this right, if the cause or foundation of them be not previously supported by oath or affirmation; and if the order in the warrant to a civil officer, to make search in suspected places, or to arrest one or more suspected persons, or to seize

Mass. 363 (1985). The information contained in the un-
known informant's tip was sufficient, if the magistrate could
properly rely upon it, to support a finding of probable cause.
In *Upton*, we stated that "if an affidavit is based on informa-
tion from an unknown informant, the magistrate must 'be in-
formed of (1) some of the underlying circumstances from
which the informant concluded that the contraband was
where he claimed it was (the basis of knowledge test), and
(2) some of the underlying circumstances from which the af-
fiant concluded that the informant was "credible" or his in-
formation "reliable" (the veracity test)' " (citations omitted).
*Id.* at 374-375.

In this case, the basis of the informant's knowledge is es-
tablished. He was present at the sale and therefore had per-
sonal knowledge based upon what he saw. The only inquiry
remaining, therefore, is into the veracity of the informant.

This test may be satisfied by demonstrating that the in-
formant has provided information in the past which has
proved to be accurate. *Commonwealth* v. *Valdez*, 402 Mass.
65, 71 (1988). In this case, the affidavit stated that the in-
formant had provided information which had led to two sepa-
rate arrests for possession of cocaine and seizure of the co-
caine incident to those arrests.[2] At the time, the cases were
still pending in the District Court. The defendant argues that
because the affidavit here states that the prior tips have led
to mere arrests, rather than convictions, the case of *Com-*

---

their property, be not accompanied with a special designation of the per-
sons or objects of search, arrest, or seizure; and no warrant ought to be
issued but in cases, and with the formalities prescribed by the laws."

[2] The affidavit states in relevant part: "Your affiant has a reliable and
confidential informant henceforth referred to as 'IT'. On several occasions
in the past, 'IT' has provided information leading to the arrest of persons
for drug offenses and seizures of controlled substances. On one of these
occasions, 'IT' provided information leading to the arrest of Rafael
TEJEDA for Possession Class 'B' cocaine, seized was one plastic bag con-
taining a white powder. On another occasion, 'IT' provided information
leading to the arrest of William SANCHEZ for Possession Class 'B' co-
caine, seized was a bag containing white powder. Because both of these
arrests are very recent, they are both pending in the West Roxbury Dis-
trict Court."

*monwealth* v. *Rojas*, 403 Mass. 483 (1988), precludes reliance upon the information.

In *Rojas* this court held that "[a] naked assertion that in the past the informant had provided information which led to a prior arrest is insufficient by itself to establish an informant's veracity." *Id* at 486. We said, in effect, that a clerk-magistrate was not entitled to infer from such a statement that a prior tip had proved to be accurate. In this case, however, the affidavit recited that the prior tip had led not only to arrests, but also to seizure of cocaine. This distinction is critical. Applying the well established principle that information in an affidavit supporting an application for a search warrant should be considered "in an ordinary, commonsense manner without hypertechnical analysis," *Commonwealth* v. *Melendez*, 407 Mass. 53, 60 (1990) (Greaney, J., dissenting), we construe the recitation in this case as meaning that the prior tip stated that a search of a particular specified location would disclose cocaine or some similar substance, and that statement proved to be correct. The accuracy of such information, then, warranted an inference that the informant was reliable. See *Commonwealth* v. *Lapine, ante* 38 (1991). We conclude, therefore, that the affidavit in this case satisfied both the basis of knowledge test and the veracity test set forth in *Commonwealth* v. *Upton, supra.*

The warrant was, therefore, supported by probable cause. The order of the Superior Court judge improperly suppressing the evidence is vacated. The case is remanded for further proceedings consistent with this opinion.

*So ordered.*