COMMONWEALTH *vs.* FELIX JAIME MEJIA.

Essex. September 4, 1991. - October 1, 1991.

Present: LIACOS, C.J., NOLAN, O'CONNOR, & GREANEY, JJ.

*Probable Cause. Constitutional Law*, Search and seizure, Probable cause.
*Search and Seizure*, Affidavit, Probable cause.

Discussion of cases setting forth the nature of information required about
a confidential informant's veracity to satisfy the probable cause require-
ments for issuance of a search warrant under art. 14 of the Massachu-
setts Declaration of Rights. [111-112]

An affidavit in support of a search warrant that did not supply any detail
regarding the confidential informant's veracity, beyond a recital that he
previously provided information leading to three arrests, did not provide
sufficient underlying circumstances for a determination that the inform-
ant was credible or his information reliable, and therefore the affidavit
failed to establish probable cause for the issuance of the warrant. [112-
114]

INDICTMENT found and returned in the Superior Court De-
partment on June 29, 1988.

Pretrial motions to suppress evidence were heard by *John
J. Irwin, Jr.,* J., and *John L. Murphy, Jr.,* J. The case was
tried before *Murphy,* J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Patrick S. Guarnieri* for the defendant.

*Robert J. Bender*, Assistant District Attorney, for the
Commonwealth.

NOLAN, J. This case presents us with the opportunity to
revisit our decision in *Commonwealth* v. *Rojas*, 403 Mass.
483 (1988), wherein we refined the standard to be applied by
a clerk-magistrate when determining whether information
provided by a confidential informant in an affidavit in sup-
port of a search warrant sufficiently demonstrates the in-

formant's veracity for purposes of determining probable cause.

On June 29, 1988, an Essex County grand jury indicted the defendant, Felix Jaime Mejia, on charges of trafficking in cocaine in violation of G. L. c. 94C, § 32E (*b*) (2). On November 10, 1988, a judge denied the defendant's pretrial motion to suppress evidence seized by the Lawrence police on June 7, 1988, during execution of a search warrant. The judge found that the affidavit supporting the search warrant sufficiently established the reliability of the informant through recitation of recent instances when the informant's assistance led to the arrest of three persons in Lawrence for narcotics violations. The trial judge subsequently allowed the defendant to submit a supplemental motion to suppress, based on our intervening decision in *Commonwealth* v. *Rojas*, 403 Mass. 483 (1988).[1]

The judge denied the defendant's supplemental motion to suppress on January 26, 1989, concluding that the information contained in the affidavit allowed for the inference of the confidential informant's veracity for reasons not present in *Rojas*. Specifically, the judge considered it significant in the present case that the informant reportedly had provided information in the past leading to the arrest of *three* individuals, all within the same city and the same month, for possession of controlled substances, whereas the informant in *Rojas* once provided a tip leading to *one* arrest for a narcotics violation. The defendant's motion for leave to file an interlocutory appeal was denied by a single justice of this court.

On February 21, 1989, a jury convicted Felix Jaime Mejia of trafficking in cocaine in violation of G. L. c. 94C, § 32E (*b*)(2). The defendant's appeal was entered in the Appeals Court on November 22, 1989. The Appeals Court reversed the judgment, set aside the verdict and vacated the orders denying the defendant's motions to suppress, primarily on the basis of our decision in *Commonwealth* v. *Melendez*, 407 Mass. 53 (1990). *Commonwealth* v. *Mejia*, 29 Mass. App.

---

[1] We issued the *Rojas* decision on December 8, 1988.

Ct. 665, 669 (1991). We allowed the Commonwealth's application for further appellate review. We conclude that the defendant's motion to suppress should have been allowed.

During the week of May 29, 1988, State police Corporal John J. Walsh, a member of the Essex county drug task force, met with a "confidential and reliable informant" (referred to in the affidavit as "CRI"), who was known to Officer Walsh and members of the Lawrence drug task force from prior occasions when the informant reportedly provided them with information leading to the arrests of three individuals in Lawrence for possession of controlled substances.

The informant reported to Officer Walsh that a Hispanic man named "Felix" was dealing substantial amounts of cocaine from the first floor apartment of 14 Mechanic Street in Lawrence and that the informant had been present in the apartment on five occasions during the past week and observed Felix sell cocaine to numerous persons. On or about June 1, 1988, Officer Walsh again met with the informant, who stated that the informant had been in the subject apartment within the past forty-eight hours and observed Felix to be in possession of two ounces of cocaine. The informant further stated that Felix was expecting to receive more cocaine and that Felix offered to sell the informant as much cocaine as the informant wanted, as long as the informant paid cash on delivery.

On June 2, 1988, Officer Walsh applied to a clerk-magistrate for a warrant to search the first floor apartment of 14 Mechanic Street in Lawrence. Officer Walsh presented an affidavit in support of the warrant application which set forth the facts outlined above. The clerk-magistrate granted the search warrant, which was executed on June 7, 1988, by State police officers assigned to the Lawrence drug task force. During the search, the officers seized a substantial amount of cocaine, drug related paraphernalia and several forms of identification bearing the defendant's photograph. The defendant unsuccessfully moved to suppress this evidence at trial.

Article 14 of the Massachusetts Declaration of Rights requires that a search warrant be supported by probable cause. *Commonwealth* v. *Upton*, 394 Mass. 363, 370 (1985). In *Upton*, we stated that an affidavit based on information obtained from an unidentified source may provide the requisite support for a finding of probable cause to issue a search warrant if it sets forth "(1) some of the underlying circumstances from which the informant concluded that the contraband was where he claimed it was (the basis of knowledge test), and (2) some of the underlying circumstances from which the affiant concluded that the informant was 'credible' or his information 'reliable' (the veracity test)." *Id.* at 374-375, citing *Aguilar* v. *Texas*, 378 U.S. 108, 114 (1964). The defendant does not challenge the sufficiency of the affidavit to establish the confidential informant's "basis of knowledge."[2] The affidavit in the present case contains sufficient information to support a finding of probable cause, therefore, if it supplies a basis upon which a clerk-magistrate properly could conclude that the unnamed informant is reliable. We hold that it does not contain sufficient information as to the informant's reliability.

In *Commonwealth* v. *Rojas*, 403 Mass. 483 (1988), we held that an affidavit which recites only that an informant previously provided information leading to an arrest is not sufficient to satisfy the reliability test. *Id.* at 486. We explained that, in order for such an allegation to be useful to a magistrate in determining the reliability of the informant, it must be supported by "detail regarding the circumstances of the prior arrest," such as facts relating to the informant's participation in the arrest or the accuracy of the informant's information on that prior occasion. *Id.* These details, as well as the inferences logically to be drawn therefrom, enable the magistrate "to make a meaningful determination of the informant's veracity." *Id.*

---

[2]Indeed, the informant's "basis of knowledge" is established in this case, as the informant personally observed the activities alleged to have taken place in the apartment, as well as the persons participating therein. *Commonwealth* v. *Perez-Baez*, 410 Mass. 43, 45 (1991).

Relying on the *Rojas* reasoning, we subsequently acknowledged that a statement in an affidavit alleging that an informant provided information in the past which led to the arrest and convictions of persons for narcotic drug violations would not establish the informant's reliability, if the reference to "convictions" — the corroborating detail — was struck from the statement. *Commonwealth* v. *Brzezinski*, 405 Mass. 401, 407 (1989). In *Commonwealth* v. *Melendez*, 407 Mass. 53 (1990), we confronted the scenario suggested in *Brzezinski* and held that the single fact that an informant previously provided information leading to the arrest of more than two individuals for narcotics violations did not establish the informant's veracity. *Id.* at 59. Based again on the reasoning set forth in *Rojas*, we concluded that the past assistance of the informant "did not furnish an independent basis for deeming the informant reliable." *Id.*

The affidavit at issue does not supply any detail regarding the informant's veracity, beyond the fact of the past arrests. The relevant portion of the affidavit states as follows: "[The] confidential and reliable informer . . . has provided reliable information to [Officer Walsh] and members of the Lawrence Drug Task Force in the past, which led to the arrests of Edwin S. Rivera, in Lawrence, MA, on 5-7-88 for Possession of Heroin with Intent to Distribute, the arrest of Heribito Rivera, in Lawrence, MA, on 5-11-88 for Possession of Cocaine with Intent to Distribute, and the arrest in Lawrence, MA, on 5-24-88 of Luiz Gonzalez Pabon, for Possession of Cocaine with Intent to Distribute." As the Appeals Court correctly noted, the affidavit lacks any reference to details about the circumstances of the arrests or the informant's past accuracy which we have considered significant in determining an informant's reliability. *Commonwealth* v. *Mejia*, 29 Mass. App. Ct. 665, 668 (1991), and cases cited.

The Commonwealth presents two related arguments to support its contention that the subject affidavit falls outside the scope of the *Rojas* and *Melendez* cases and sufficiently demonstrates the confidential informant's veracity. First, the Commonwealth contends that a magistrate logically could in-

fer that the Lawrence police seized controlled substances in connection with the prior arrests for possession of controlled substances. The seizures, the Commonwealth argues, justify the further inference that the informant's information proved trustworthy on the prior occasions. In support of its argument, the Commonwealth relies on the case of *Commonwealth* v. *Perez-Baez*, 410 Mass. 43 (1991), in which we held that a recitation in an affidavit that a prior tip led to arrest *and seizure of narcotics* sufficiently established the informant's veracity. *Id.* at 46.

The Commonwealth's argument rests wholly on speculation and cannot stand. As an initial matter, we are not inclined to agree with the Commonwealth's premise that a seizure of narcotics likely occurred in the past cases involving the informant, because the arrests were for possession of narcotics. More importantly, however, there is no statement in the present affidavit to support the conclusion that the past assistance of the informant in any way contributed to the seizure, if any, of narcotics. In contrast, in *Perez-Baez*, we ruled that the inclusion of the allegation regarding seizure of narcotics was the "critical distinction" between that affidavit and the one in *Rojas*, because it provided the magistrate with a factual basis upon which to infer that "the prior tip stated that a search of a particular specified location would disclose cocaine or some similar substance, and that [that] statement proved to be correct." *Commonwealth* v. *Perez-Baez*, *supra* at 46. The failure of the instant affidavit to state specifically that the prior assistance of the informant resulted in both arrest and seizure of controlled substances, therefore, is not the technical omission that the Commonwealth argues it is. In its absence, there is no known "underlying circumstance" upon which to assess the affiant's conclusion that the informant is credible. *Upton*, *supra* at 375.

The Commonwealth further urges that the informant's reliability is established by the fact that he or she is credited with having assisted in the arrest of three named individuals in the same city and in the same month. These facts, the Commonwealth asserts, demonstrate a history of cooperation

between the informant and the police from which the informant's veracity may be inferred. To this point, we note that the text of the present affidavit does not make clear whether the informant provided information to the police on three separate occasions regarding three unrelated persons, or if he or she supplied one tip leading to all three arrests. The "history of cooperation," therefore, is less than certain and cannot properly serve as the basis for establishing the informant's veracity.

We recognize, as did the Appeals Court, that "arrests resulting from an informant's tips may be reported in such number in an affidavit as to be construed as self-verifying without any additional indications of reliability." *Commonwealth* v. *Mejia*, 29 Mass. App. Ct. 665, 669 (1991). As we suggested in *Melendez*, however, three arrests, standing alone, do not rise to this level of self-verification. *Melendez*, *supra* at 54. Without expressing an opinion as to any specific minimum number of arrests which we would consider significant in this regard, we note that it must be "weighty enough to establish reflexively that the . . . informant [is] trustworthy." *Commonwealth* v. *Kaufman*, 381 Mass. 301, 303 (1980).

Notwithstanding the above discussion, we again stress the importance of including some meaningful detail in affidavits of this type, beyond the fact of past arrest aided by the informant, so that an independent basis exists for the magistrate to find the informant credible. *Melendez*, *supra* at 59.

Since we have determined that the affidavit failed to establish probable cause and that the defendant's motion to suppress, therefore, should have been allowed, we need not address the additional grounds raised by the defendant as to the illegality of the search.

The judgment is reversed and the verdict is set aside. The orders denying the defendant's motions to suppress are vacated, and this case is remanded for further proceedings consistent with this opinion.

*So ordered.*