COMMONWEALTH *vs.* VINCENT CRAWFORD
(and three companion cases[1]).

Suffolk. October 5, 1993. - February 10, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Probable Cause. Constitutional Law*, Search and seizure, Probable cause.
*Search and Seizure*, Affidavit, Probable cause.

A Superior Court judge incorrectly allowed a criminal defendant's motion
to suppress evidence where he found credible the testimony given in
open court that satisfied the requirements of *Commonwealth* v. *Upton*,
394 Mass. 363, 375 (1985), with respect to a confidential informant's
basis of knowledge and veracity. [42-43] LIACOS, C.J., dissenting.

INDICTMENTS found and returned in the Superior Court
Department, two on December 10, 1987, and two on December 11, 1987, respectively.

On remand following interlocutory review reported at 410
Mass. 75 (1991), a further hearing on motions to suppress
evidence was had before *Guy Volterra*, J.

Leave to appeal was allowed by *Wilkins*, J., in the Supreme Judicial Court for the county of Suffolk and the appeal was reported by him.

*Katherine E. McMahon*, Assistant District Attorney, for
the Commonwealth.

*Shawn Salter (Frank G. Kelleher* with him) for Vincent
Crawford.

*Dennis M. Powers* for Gail M. Pina.

ABRAMS, J. This is the second interlocutory appeal by the
Commonwealth, from an order suppressing evidence seized
without a warrant. See *Commonwealth* v. *Crawford*, 410
Mass. 75 (1991) (*Crawford I*). At issue in that case was

---

[1]Two against Gail M. Pina and one against Vincent Crawford.

whether the police had probable cause to arrest and search the defendants without a warrant, based on a confidential informant's tip. Because the reliability of the confidential informant had not been established to the satisfaction of a judge in the Superior Court, the judge held an in camera hearing with the trooper out of the presence of defense counsel in order to assess the trooper's confidential information. The judge later reconsidered the lawfulness of the in camera hearing, and ordered the evidence suppressed. In *Crawford I,* *supra* at 79, we could not determine whether, without reliance on the in camera hearing, the judge credited the officer's testimony in open court that the informant had previously given information that had led to the arrest and indictment of two persons and the seizure of over one kilogram of cocaine. Consequently, we remanded the matter. On remand, the judge stated that he believed the officer's testimony in open court. Having found the officer credible, the judge should not have suppressed the evidence. We reverse the allowance of the defendants' motion to suppress.

*Facts.* On remand, the Commonwealth presented no new evidence, relying, instead, on the evidence presented at the original suppression hearing and *Commonwealth* v. *Perez-Baez,* 410 Mass. 43 (1991), which was decided after that original hearing.

At the original suppression hearing, the officer testified that he learned from a confidential informant that Crawford planned to receive a shipment of cocaine from New York on the evening of October 21, 1987. Crawford, himself, had told the informant of the plan. The informant said that Crawford's girl friend would be arriving at South Station Amtrak terminal in Boston, sometime around midnight. The informant said Crawford planned to meet his girl friend in a grey Datsun Maxima automobile, Massachusetts registration 217MPC. *Crawford I, supra* at 76.

The officer testified that, shortly after 1 A.M., the Amtrak train from New York arrived at the station. Crawford was waiting at the station. He was not driving the Maxima automobile which was registered to him. He was driving a Dat-

sun Sentra automobile. Another man followed behind Crawford, driving the Maxima described in the tip. The driver of the Maxima approached two women who had come from the train. One of the women was the defendant Gail Pina. The three then walked toward Crawford. When the two women started to get into the Sentra, the officer intervened. In a pink travel bag Pina was carrying, the officer discovered two kilograms of cocaine. The officer also found cocaine in the Sentra and hidden in Crawford's socks. *Crawford I, supra* at 76-77.

The officer further testified that the informant had, in the past year, given information which led to the arrest and indictment of two unnamed persons and the seizure of over a kilogram of cocaine. *Crawford I, supra* at 77, 79. On remand, the judge adopted his original findings of fact with one piece of additional information,[2] and again allowed the defendants' motion to suppress.

*Discussion.* The judge, in his written findings on remand, stated that he held the in camera hearing because he "determined that further details in support of the [confidential informant's] reliability were required." The judge also reiterated his belief that further details must be supplied by the Commonwealth. He concluded, "Since these details have not been lawfully supplied [apart from the ex parte hearing] by the Commonwealth," the defendants' motions to suppress must be allowed.

When information comes from a confidential informant, the judge must be informed of "some of the underlying circumstances" regarding both the informant's basis of knowledge and veracity. *Commonwealth* v. *Upton*, 394 Mass. 363, 375 (1985), citing *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969). In *Crawford I*, we said, "There was testimony in open court which, if believed, would satisfy both prongs of the *Upton* test." *Craw-*

---

[2]According to the judge, one detail was omitted inadvertently from the original written findings: the informant told the trooper that the source of his information was the defendant Crawford.

*ford I*, *supra* at 78. See *Commonwealth* v. *Perez-Baez*, 410 Mass. 43 (1991) (decided after the original suppression hearing). However, we could not determine if the judge credited the officer's testimony. *Crawford I*, *supra* at 78-79. On remand, the judge stated, "I believed the Trooper, period." Thus, there was no basis to suppress the evidence. We reverse the judge's order suppressing the evidence, and remand the case to the Superior Court for trial or for such other proceedings as may be needed.

*So ordered.*

LIACOS, C.J. (dissenting). I respectfully dissent from the court's decision because I believe that it misinterprets our decision in *Commonwealth* v. *Crawford*, 410 Mass. 75 (1991) (*Crawford I*), and also implicitly approves of the inappropriate conduct of the assistant district attorney.

Today this court states that, "[i]n *Crawford I*, . . . we could not determine whether, without reliance on the in camera hearing, the judge credited the officer's testimony in open court that the informant had previously given information that had led to the arrest and indictment of two persons and the seizure of . . . cocaine." *Ante* at 41. The court's statement is clearly refuted by the language used in *Crawford I*.

In *Crawford I*, *supra* at 79, we stated:

> "*[I]t is apparent from the record that the judge was not entirely convinced that the officer was being candid in his testimony in open court.* The officer refused to reveal the names of the two individuals arrested pursuant to the informant's prior tip. The prosecutor suggested that the officer tell the judge the names of the individuals in-camera, so as not to compromise the informant. The officer did so and the judge was then apparently convinced that the officer was telling the truth. Later, the judge decided that the in-camera hearing was inappropriate and *returned to his prehearing conclu-*

*sion, that he was unconvinced by the trooper's state-
ments concerning the informant's reliability.*" (Empha-
sis supplied.)

As I read the quoted language, we indeed did conclude
that apart from the inappropriate in camera hearing with the
trooper, the judge determined that the veracity prong of the
*Upton* test (*Commonwealth* v. *Upton*, 394 Mass. 363 [1985])
had not been satisfied because the officer had not provided
enough specific details regarding the past arrests and
seizures.[1] While we may have suggested incidentally that the
judge seemed to have a problem with the officer's credibility,
the main issue in the case was whether there were sufficient
details regarding the prior arrest and drug seizure to satisfy
the veracity prong of *Upton, supra.*[2] The judge's memoran-
dum and order after remand reinforces this point, because in
it the judge noted, "*There were no details supplied* concern-
ing these prior tips. Since the in camera hearing was invalid,
and since the Commonwealth refuses to conduct another in

---

[1] At the hearing after remand, the judge stated the following, in refer-
ence to his probable cause findings following the first hearing on the mo-
tion to suppress:

"When I tried the case on the motion to suppress, after [the pros-
ecutor] had put in most of her case I think, if my memory is correct,
that I suggested to her, since this was a pre-Baez [*Commonwealth* v.
*Perez-Baez*, 410 Mass. 43 (1991)] case, that I didn't think that she
had established sufficient probable cause . . . and that the [*Aguilar*
v. *Texas*, 378 U.S. 108 (1964)] test hadn't been met."

This demonstrates that the judge's concern was not with the trooper's
credibility, but with the veracity of the informant.

[2] We did say, in *Crawford I*, that "[t]here was testimony in open court
which, if believed, would satisfy both prongs of the *Upton* test." *Crawford
I, supra* at 78. If I were to take this line out of context and ignore the
discussion which follows it, as the court seems to do, I also would be in-
clined to deny the suppression motion based on the judge's assertion that
he did not have a credibility problem with the police officer. As I read this
line, however, in context with the rest of our opinion in *Crawford I*, it
seems clear to me that what we meant was that, although the veracity
prong of *Commonwealth* v. *Upton*, 394 Mass. 363 (1985), may be satisfied
if an informant previously provided information leading to arrest and
seizure of drugs, *Upton* was not satisfied in this case because there were
not sufficient details regarding the arrest and seizure.

camera hearing in the presence of defense counsel, *there continue[ ] to be no details regarding the basis of the [informant's] reliability . . .* [and] the reliability prong of *Aguilar-Spinelli* has not been satisfied" (emphasis supplied).[3] See *Commonwealth* v. *Upton, supra* at 374-374. See also *Aguilar* v. *Texas*, 378 U.S. 108 (1964); *Spinelli* v. *United States*, 393 U.S. 410 (1969). Furthermore, at the hearing after remand, in discussing his use of the trooper's testimony at the in camera hearing, the judge said, "I didn't use it as the basis of my decision."

We remanded the case in *Crawford I*, in essence, to give the Commonwealth another chance at establishing probable cause "in a manner consistent with the defendant's rights." See *Crawford I, supra* at 80. We noted that a hearing should take place on remand in which the prosecutor and defense attorneys should participate. *Id.* We stated that, "[i]f, *in the presence of the defendant's attorney*, the officer reveals the *information required* to satisfy the judge, the evidence should not be suppressed" (emphasis supplied). *Id.* We were not concerned with the officer's credibility and did not remand the case for the judge to make findings regarding his credibility, as the court suggests today, *ante* at 41. Indeed, the misconception that we remanded in *Crawford I* for the judge to make findings regarding the officer's credibility was created by the assistant district attorney.

The judge stated at the hearing on remand, "I want to state it plain. I believed the Trooper, period. I didn't have any trouble with his veracity." In his memorandum and order after that hearing, the judge wrote that "there continue[ ] to be no details regarding the basis of the [informant's] reliability. . . . In order for reliability to be

---

[3]In his memorandum, the judge wrote, "In order for reliability to be established by the *Perez-Baez* standard, sufficient factual details must be provided to prove the accuracy of the informant's information regarding the prior arrests and seizures." I agree with the judge, and note that the prosecutor and police officer refused to provide these details. The court, however, seems intent on ignoring the deficiency in details that prompted the judge to rule as he did.

established by the [*Commonwealth* v. *Perez-Baez*, 410 Mass. 43 (1991)] standard, sufficient factual details must be provided to prove the accuracy of the informant's information regarding the prior arrests and seizures. . . . Since these details have not been lawfully supplied by the Commonwealth in the instant case, the reliability prong of *Aguilar-Spinelli* has not been satisfied." It is clear that the judge's problem was not with the credibility of the officer, but rather with the legal sufficiency of his testimony in satisfying the requirements of *Upton*. It is also clear that the court's opinion today implicitly approves of the obstinate refusal of the prosecutor, after remand, to comply with the clear mandate of this court.

The prosecutor refused to participate in a further hearing where the officer could have testified and would have had an opportunity to reveal, in the presence of counsel, the information necessary to satisfy the requirements of *Upton*, despite our clear directive in *Crawford I, supra* at 80. There are two important issues here. The first is the veracity of the informant, not of the officer. See *Crawford I, supra* at 78 ("The crux of the case, therefore, is whether the officer could properly rely upon the information provided by the informant"). The other important issue that caused the remand was the Commonwealth's successful request that an in camera hearing be held in the absence of counsel, a procedure we described in *Crawford I* as "inappropriate," *id.* at 79, and the judge, on remand, described as a procedure he thought was "cuckoo."

Today the court announces that, if a police officer makes a bald assertion that an informant previously has provided information leading to arrest and drug seizure, without providing details in support of this assertion, even when the judge requests those details, then the veracity prong of *Upton* is satisfied.[4] Furthermore, the court leaves trial judges powerless to require police officers and prosecutors to provide suffi-

---

[4]In *Perez-Baez*, the veracity prong of *Upton* was satisfied by a police officer's affidavit which recited that the informant had provided information leading to the arrest of two *named* persons, described the amount and type of drugs seized, and even recited the court in which the cases against

cient details in support of an informant's reliability. Finally, the court gives approval to the refusal of the police officer and the prosecutor to provide information that the judge requested and that this court has mandated. Since I cannot agree with any of these results, I dissent.

the two persons were pending. *Perez-Baez, supra* at 45 n.2. In this case, there were no details at all.