Commonwealth *v.* Collado.

COMMONWEALTH *vs.* JUAN COLLADO & another.[1]

No. 95-P-1659.

Essex. November 20, 1996. - April 9, 1997.

Present: SMITH, IRELAND, & FLANNERY, JJ.

Further appellate review granted, 425 Mass. 1103 (1997).

*Practice, Criminal,* Trial by jury, Waiver of trial by jury, Trial of defendants
together, Severance. *Constitutional Law,* Trial by jury, Waiver of
constitutional rights, Privacy. *Search and Seizure,* Warrant. *Evidence,*
Videotape. *Entrapment.*

General Laws c. 263, § 6, and Mass. R. Crim. P. 19(a), do not permit a si-
multaneous jury trial of one defendant and bench trial of a codefendant
in the same proceeding, and in a case so tried the waiver of a jury trial
by one of the two defendants was ineffective. [465-467]
At the trial of indictments, the judge did not abuse his discretion in deny-
ing a defendant's motion to sever his trial from the codefendant's, where
the record did not demonstrate that the defendants' defenses were mutu-
ally antagonistic and irreconcilable. [467-468]
At the trial of indictments for trafficking in cocaine, the judge correctly
denied the defendant's motion to suppress evidence seized on the execu-
tion of two search warrants for two apartments. [469]
At the trial of indictments for trafficking in cocaine, the defendant lacked
standing to challenge the admission in evidence of an undercover police
officer's videotape of the sale, where the defendant had no reasonable
expectation of privacy in the apartment of the undercover officer with
whom he had negotiated an arm's-length drug sale. [469]
At the trial of narcotics offenses, no substantial risk of a miscarriage of
justice was created by the jury's consideration of the issue of entrap-
ment, which was submitted to the jury on sufficient evidence and with
proper instructions. [469-470]

INDICTMENTS found and returned in the Superior Court
Department on December 15, 1993.

Pretrial motions to suppress evidence and to dismiss were
heard by *James F. McHugh,* J.; after a motion to sever was
heard by *Richard E. Welch, III,* J., one case was tried to a
jury before him and the second case was heard without a jury
by him.

[1]Severeano Tavarez.

*Robert S. Sinsheimer* for Juan Collado.

*Robert M. Breen* for Severeano Tavarez.

*Annette C. Benedetto,* Assistant Attorney General, for the Commonwealth.

IRELAND, J. Juan Collado and Severeano Tavarez were placed on trial together, Tavarez by a jury and Collado by a judge, on cocaine trafficking charges that stemmed from the same criminal episode. Both were found guilty and both appealed from their convictions.[2]

During oral argument, the panel questioned whether G. L. c. 263, § 6, and Mass.R.Crim.P.19(a), 378 Mass. 888 (1979) (both of which provide for waiver of jury trials in other than capital criminal cases), allow two or more defendants to be tried simultaneously in a single proceeding, with one defendant, who has waived his right to a jury trial, tried by a judge and the other defendant or defendants, who have not waived that right, tried by a jury.[3] We granted leave to the parties to brief the issue.

We conclude that such an arrangement is not permitted either by the statute or the rule. Therefore, we reverse the conviction of Collado, the defendant tried by the judge, and order a new trial. The conviction of Tavarez, the defendant tried by the jury, is affirmed. Tavarez's right to a fair and impartial jury trial was not prejudiced by the presence of Collado or the evidence presented against him. Practically all of the evidence presented to the jury concerned Tavarez's own conduct during the episode. We note that the judge informed jurors of the trial arrangements and instructed them not to consider evidence concerning Collado in deciding Tavarez's guilt or innocence.

1. *Collado's waiver of jury trial.* Section 6 of G. L. c. 263, as amended by St. 1992, c. 379, § 181, provides in pertinent part:

---

[2]Convictions against Tavarez and Collado for conspiracy to traffic in cocaine were placed on file.

[3]The cases were scheduled for a trial of both defendants to a jury. After a jury had been impanelled for both defendants, Collado submitted a waiver of jury trial. Before accepting the waiver, the judge conducted a colloquy, as required by *Ciummei* v. *Commonwealth,* 378 Mass. 504 (1979). During the colloquy, the judge informed Collado that he, personally, would be the judge hearing Collado's case and that he — rather than the jury — would be the fact finder determining Collado's guilt or innocence.

"Any defendant in a criminal case other than a capital case . . . may, if he shall so elect, . . . before a jury has been impanelled . . . waive his right to trial by jury by signing a written waiver thereof and filing the same with the clerk of court. . . . *If the court consents to the waiver, he shall be tried by the court instead of by a jury, but not, however, unless all the defendants, if there are two or more charged with related offenses . . . shall have exercised such election before a jury has been impanelled to try any of the defendants*" (emphasis supplied).

Massachusetts Rule of Criminal Procedure 19(a), 378 Mass. 888 (1979), provides for the same general right of a defendant to waive a jury trial but states, in language more emphatic than the statute, that all defendants charged with the same or related offenses "must waive the right to trial by jury, and if they do not so waive, there must be a jury trial unless the court in its discretion severs the cases. . . ."[4]

The right to a trial by jury is constitutionally guaranteed, *Commonwealth* v. *Paiva,* 16 Mass. App. Ct. 561, 563 (1983). *Singer* v. *United States,* 380 U.S. 24, 36 (1965). Smith, Criminal Practice and Procedure §§ 1645, 1646 (2d ed. 1983). By contrast, the right of a defendant to waive a jury trial and proceed instead with a bench trial is not constitutionally guaranteed. *Commonwealth* v. *Greene,* 400 Mass. 144, 148 (1987), citing *Commonwealth* v. *Millen,* 289 Mass. 441, 465, cert. denied, 295 U.S. 765 (1935). Therefore, a judge, acting within his or her sound discretion may properly deny a defendant's written waiver of a jury trial and order the defendant to stand trial before a jury — either alone, or with codefendants who have not waived their right to a jury trial. Compare *Commonwealth* v. *Collins,* 11 Mass. App. Ct. 126, 141 (1981) (single defendant's waiver properly denied where trial judge was aware of certain pretrial matters; thus, defen-

---

[4]The Federal analogue to Mass.R.Crim.P. 19(a) is Fed.R.Crim. P. 23(a). It provides simply that "[c]ases required to be tried by jury shall be so tried unless the defendant waives a jury trial in writing with the authorization of the court and the consent of the government." Unlike the Massachusetts rule, the Federal rule does not state that all defendants in a related case must waive a jury trial. Therefore, *United States* v. *Farries,* 459 F.2d 1057, 1061 (3d Cir. 1972), cited by the Commonwealth, which suggests that a simultaneous bench-jury trial might be permissible under Fed.R.Crim.P. 23(a), is not instructive.

dant may have been unfairly prejudiced if tried by that particular judge and not by a jury); *Commonwealth* v. *Boris,* 317 Mass. 309, 311-312 (1944) (two defendants' waivers properly denied, where third codefendant did not waive jury trial and record on appeal did not clearly show what evidence judge considered in denying the waivers). See also Smith, *supra* at § 1656. If all defendants have not waived, the judge may sever the cases of the codefendants and order *separate* trials — one by the judge for the defendant who waived and another by a jury for the defendant or defendants who did not waive. See Mass.R.Crim.P. 19(a), and Reporters' Notes thereto, Mass. Ann. Laws, Rules of Criminal Procedure at 373 (Law. Co-op. 1979). Nowhere, however, does the statute or the cognate procedural rule provide for a simultaneous jury and bench trial of different defendants within the same proceeding. Collado's waiver of a jury trial was ineffective, and his conviction is vacated.[5]

2. *Tavarez's claims.* The claims of Tavarez, the defendant who was tried by a jury, do not warrant reversal of his conviction.

After Collado decided to waive a jury trial, Tavarez's trial counsel requested that his client's trial be severed from Collado's. The judge denied that request, stating that he did not see how the two defenses were mutually antagonistic. Tavarez's counsel further argued at sidebar that Collado's mere physical presence at his client's trial would prevent Tavarez from receiving a fair trial. The judge again rejected the motion, reasoning that the difference between the evidence against Tavarez (there was much) and that against Collado (there was little) did not necessarily warrant severance. The judge stated that he would fully inform the jury about the "odd" trial arrangements, and would instruct the jury in regard to what evidence they might consider or not consider against each defendant. The judge so instructed the jury. The jury then heard the Commonwealth's entire case in chief against *both* defendants and also heard Collado's and Tavarez's cross-examination of the Commonwealth's witnesses. Tavarez called no witnesses in his defense but did present

[5]We note, too, that Collado's waiver — coming as it did *after* a jury had been impanelled (see note 3, *supra*) — was untimely under G. L. c. 263, § 6, which provides that waivers be submitted *"before* a jury has been impanelled" (emphasis supplied).

closing argument. After the jury retired to deliberate the charges against Tavarez, the judge continued to hear the Collado case through the testimony of several other witnesses.

A motion to sever is addressed to the sound discretion of the trial judge. *Commonwealth* v. *Moran,* 387 Mass. 644, 658 (1982). Only when the prejudice resulting from a joint trial prevents a defendant from receiving a fair trial will the failure to sever amount to an abuse of discretion. *Ibid.* Severance is not required simply because a defendant may stand a better chance of acquittal if tried alone. *Commonwealth* v. *Twing,* 39 Mass. App. Ct. 75, 78 (1995). On the other hand, two defendants are entitled to separate trials if their defenses are mutually antagonistic and irreconcilable. *Ibid. Commonwealth* v. *Rogers,* 38 Mass. App. Ct. 395, 408 (1995).

Tavarez rested after the Commonwealth presented its evidence. He relied on cross-examination of the Commonwealth's witnesses and on his counsel's closing argument that the Commonwealth's evidence failed to suggest or prove that he was a drug dealer. In that argument, Tavarez claimed that the undercover police officer, not Collado, was the driving force behind the drug deal. In short, Tavarez did not present a defense that might have tended to force jurors to believe one defendant and disbelieve the other. See generally *Commonwealth* v. *Moran, supra* at 655-659, and cases cited, discussing mutually antagonistic, irreconcilable defenses that require separate trials. Indeed, the bulk of the evidence the jury heard was of Tavarez's role in negotiating, arranging, and consummating a sale of cocaine to an undercover narcotics officer. By contrast, jurors heard (but were instructed by the judge not to consider), evidence offered against Collado merely that he had arrived in Lynn at the approximate prearranged time of the sale supposedly bearing a package of drugs, and that he eventually accompanied Tavarez to the apartment where the sale occurred. There was evidence that Tavarez alone went to that apartment to count the money brought by the undercover police officer to make the purchase. Only when satisfied that the correct amount of money had been delivered did Tavarez, in the company of Collado, return to the apartment with the drugs. Tavarez personally carried and delivered the package of cocaine to the undercover agent. We conclude on this record that the judge did not abuse his discretion in denying Tavarez's motion to sever.

Tavarez next claims that a judge improperly denied his motion to suppress evidence gathered through the execution of search warrants for two apartments with which he was associated. According to the Commonwealth, one apartment was the alleged "stash pad" for the drugs; the other was Tavarez's residence. The warrants were based on information provided to police by an informant but, according to Tavarez, were not based on probable cause. The motion judge properly concluded that the informant's information had been independently corroborated through police investigatory work and that the informant was a "demonstrably reliable" source. Therefore, the warrants met the test of *Aguilar* v. *Texas*, 378 U.S. 108 (1964), and *Spinelli* v. *United States*, 393 U.S. 410 (1969), for over-all reliability. See *Commonwealth* v. *Crawford*, 417 Mass. 40, 42-43 (1994), citing *Commonwealth* v. *Upton*, 394 Mass. 363, 375 (1985). Moreover, the Commonwealth produced evidence at trial of a sufficient "nexus" between Tavarez and the alleged stash pad to allow the fruits of the search of that address as evidence against him. Evidence from the two apartments was properly admitted.

Next, Tavarez raises on appeal an issue not raised below, that the trial judge committed reversible constitutional error by admitting in evidence the undercover officer's videotape of the drug sale.[6] Tavarez, however, had no reasonable expectation of privacy while he was present in the apartment of an undercover narcotics officer with whom he had negotiated an arm's-length transaction for the sale of drugs. This was primarily a business transaction between individuals who most certainly were not trusted friends, as Tavarez seems to suggest. Therefore, Tavarez has no standing to assert a belated claim under the Fourth Amendment to the United States Constitution. See *Commonwealth* v. *Price*, 408 Mass. 668, 671-672 (1990), distinguishing *Commonwealth* v. *Blood*, 400 Mass. 61, 68 (1987), and holding that a videotape of a drug transaction recorded pursuant to a warrant in a motel room reserved by an undercover officer was properly admitted as evidence because the defendant had no reasonable expectation of privacy in that room.

Finally, Tavarez's appellate counsel argues that Tavarez

---

[6]The police had obtained a warrant merely to audiotape the transaction. The lack of a warrant to videotape the event is not fatal, however, because Tavarvez lacks standing to challenge the evidence.

established, as matter of law, a defense of entrapment by the undercover officer; therefore, his motion for a required finding of not guilty should have been allowed. In the alternative, he contends that the jurors were "ill-prepared" to properly consider the evidence of entrapment because of the judge's inadequate instructions on that defense. Neither claim was advanced below; hence, we need not consider the questions on appeal unless there has been a substantial risk of a miscarriage of justice. No such risk is presented here. Suffice it to say that sufficient evidence appears from which jurors properly could have found Tavarez predisposed, or ready, willing, and able to commit the crime charged upon being given the opportunity. The question of entrapment was properly put to the jury who, in all respects, were guided by proper instructions on that claim.

The judgment is affirmed as to Severeano Tavarez. As to Juan Collado the judgment is reversed and the finding is set aside.

*So ordered.*